THE FARMERS' AND PLANTERS' BANK
vs.                                              } JULY TERM, 1852.
JAMES MARTIN AND WILLIAM R. TRAVERS.

[COMMISSION TO SOLICITOR AS FEES—PRACTICE—EVIDENCE.]

WHEN trustees are compelled to bring suit for the purchase-money, it has
been the constant practice of the Court to allow a commission of 5 per
cent. to the attorney engaged by them, and when the trustee is himself
an attorney, and collects the money in that capacity by a suit at law, a
similar allowance has always been made to him.

Such commission, as well as the trustee's commission as such, and the costs
of suit, are always deducted from the proceeds of sale before distribution
is made among creditors, the effect of which is, of course, to throw these
allowances upon the unpreferred creditors, when the fund is insufficient
to pay all.

Such commissions will also be allowed to the trustee, where he proceeds to
collect the purchase-money by proceedings for a re-sale in the same case.

Where a purchaser knew of an incumbrance on the land, consisting of
ground-rent in arrear, and the property was re-sold, he cannot be allowed
a credit for such incumbrance paid by him.

The fact of such knowledge on the part of the purchaser may be proved by
parol, though the advertisement of sale made no mention of ground-rent
in arrear as an incumbrance on the property.

The advertisement is not the contract of the parties, and it is the constant
practice of trustees to introduce other terms of sale, and make known to
bidders at the time of the sale, facts and circumstances affecting the title
or value of the property not mentioned in the advertisement, and parol
proof of such facts is always admitted when it becomes necessary to resort
to it to vacate or uphold the sale.

[The facts of the case are stated in the opinion.]

THE CHANCELLOR:

The questions in controversy, arising upon the exceptions to
the report of the Auditor in this case, relate to the allowance
to William W. McClellan, the first purchaser, of the sum of
$161 25 for arrears of ground-rent and interest thereon, due
at the time of his purchase, and to the allowance to the trustee

of a commission of 5 per cent. on the amount due upon the first sale, as a compensation for his services as solicitor, the trustee being the solicitor conducting the cause.

The first purchaser being in default, proceedings were instituted against him for a re-sale, under the Act of 1841, ch. 216; and a re-sale at his risk being ordered, the Court in ratifying the second sale by an order passed on the 30th of January, 1850, in addition to the commission allowed the trustee according to the course of the Court, directed that he should be allowed a commission of 5 per cent. on the amount due upon the first sale, when collected "as compensation for his services as solicitor."

It has been the constant habit of the Court, when its trustees employed to sell property are compelled to bring suit to enforce the payment of the purchase-money, to allow a commission of 5 per cent. to the attorney engaged by them; and when the trustee is himself an attorney, and collects the money in that capacity by proceedings at law, a similar allowance has always been made to him. *Post* vs. *Mackall*, 3 *Bland*, 528, 529. And this commission is always deducted from the proceeds of sale, as is the trustee's commission as such, and the costs of suit before the distribution is made among the creditors; the effect of which is, of course, to throw it upon the unpreferred creditors when the fund is insufficient to pay all. This being the case, the Auditor was quite right in his account B, in adding it to the amount due from the first purchaser to the trustee and deducting the aggregate from the proceeds of the second sale, as otherwise the burden would have been thrown upon the creditor having a preferred claim to be paid out of the fund.

The order of the 30th of January, 1850, was passed upon the assumption, that the proceeding instituted by the trustee in this case, to collect the money by a re-sale, is sufficiently analogous to proceedings at law, instituted for the same purpose, to justify the same allowance. It follows, therefore, that the exceptions taken by the first purchaser to the allowance of this commission must be overruled.

But I am of opinion that the complainant's exception to the accounts A and B, because of the credit given to the first purchaser for $161 25 cash paid by him for ground-rent and interest thereon, must be sustained.

Without intending to express an opinion upon the general question of the obligation of a purchaser at a chancery sale to look to the title, and to the incumbrances upon it, I am altogether satisfied that the agent of the purchaser in this case knew of this incumbrance, and that the property was sold subject to it. This clearly appears by the depositions of the agent, and the trustee. These depositions are admitted in evidence as if duly taken and regularly introduced into the cause, but they are excepted to, as inadmissible and incompetent for the purpose for which they are introduced, that is, for the purpose of showing that the property was sold subject to the ground-rent in arrear. The advertisement, though it speaks of the ground-rent to which the property was subject, does not say anything of rent in arrear, and the exception, it is presumed, rests upon the idea that it is not competent by parol to show any other incumbrance than that spoken of in the advertisement. The advertisement, however, is not the contract of the parties; and it has been the constant practice of trustees to introduce other terms of sale, and to make known to bidders at the time of the sale facts and circumstances affecting the title to, or value of the property, not mentioned in the advertisement, and parol proof of such facts and circumstances has always been admitted, when it became necessary to resort to it to vacate or uphold the sale. It moreover appears in this case, by the statement of the agent of the purchaser, that a paper annexed to his deposition and returned with it was shown to him by the trustee at the time of the sale, and before the bidding commenced, by which it appeared that the ground-rent in question was then due and in arrear; the trustee stating that he knew of no other claims against the property than that paper showed—there being upon it, besides the rent in arrear, a statement of the amount due upon the complainant's mortgage.

Being, therefore, satisfied that the purchaser or his agent knew of this incumbrance, and that the property was sold subject to it, I am of opinion that the complainant's exception to the credit which the Auditor has given the purchaser for it is well taken, and the cause must therefore go back to the Auditor to correct the accounts accordingly.

GRAFTON L. DULANY, for Complainant.
CHARLES F. MAYER, for the purchaser, McClellan.

[An appeal was taken by McClellan, which is still pending.]