CASE 106—PETITION EQUITY—JANUARY 10.

# Kentucky National Bank v. Stone, &c.

### APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

AN ASSIGNEE FOR THE BENEFIT OF CREDITORS WILL NOT BE PERMITTED
TO CHARGE AN ATTORNEY'S FEE for legal services which he has
rendered to himself as trustee. Nor will a provision in the deed
of assignment authorizing the payment of reasonable attorney's
fees authorize him to make such a charge for his own services as
attorney. Even if such a provision could be construed as author-
izing the charge, it would be a fraud upon creditors and have a
tendency to render the assignment invalid.

GEO. B EASTIN FOR APPELLANT.

A trustee can not charge the trust estate with a counsel fee paid to
himself. (Peacock et al. v. Durand et al., 42 Ill., 232–3; Bush,
Trustee, v. Webster, &c., Opinion of Superior Court, Oct. 21, 1885;
Perry on Trusts, vol. 1, sec. 432; Lewin on Trusts, vol. 2, side-page
630, sec. 1, subdiv. 7; Morgan v. Hannas, 49 N. Y., 667; Mayer,
v. Galluchat, 6 Rich. Eq., 1.)

W. A. SUDDUTH FOR APPELLEE.

1. By the terms of the deed of trust, taken in connection with the
situation of the parties, it was clearly contemplated that the
appellee was to be allowed an attorney's fee in addition to the usual
compensation to an assignee. (Willis v. Kibble, 1 Beav., 559; 2
Perry on Trusts, sec. 904, note 4, 4th ed.)
2. But without any such provision the American law on the subject of
allowances to trustees authorizes a trustee, who is an attorney at
law, to charge additional compensation for necessary legal services
rendered by him. (Bendel v. Bendel, 24 Ala., 295; Harris v. Mar-
tin, 9 Ala., 895; Bates v. Vary, 40 Ala., 441; Perkins' Appeal, 108
Pa. St., 314; Harlem's Appeal, 5 Rawle, 323.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

In 1886 Wm. Cromey, by a written assignment duly
recorded, etc., assigned to the appellee all of his estate,
which consisted of personalty, for the equal benefit of his
creditors, which trust was accepted. Thereafter the appel-
lee, acting as his own attorney, filed his suit in the Law

and Equity Court, Louisville, Ky., to have a settlement
of the trust and the trust funds distributed among the
creditors.   The assets reported for distribution were
$3,883.43.   The court ordered the distribution, and the
commissioner allowed the appellee five per cent. commis-
sion on the amount that came to his hands, which
amounted to $194.17, and $125.00 attorney's fee for bring-
ing the suit and conducting it.   The appellee also pre-
sented another claim amounting to $1,100, for services as
attorney rendered for Wm. Cromey in a case of the trus-
tees of John Bull against him to compel him to pay over
money which he had received as former trustee.   The
appellee was not proceeded against as trustee in said
action, but was employed by Cromey in said action before
his assignment, and continued his services under said
employment after the assignment to the end of the litiga-
tion.   The appellee asked that said claim be allowed as a
preferred claim.   The court, upon final hearing, allowed
the appellee the gross sum of $1,200 as commissions and
attorney's fees.   The appellants as creditors have ap-
pealed.   And the grounds urged here, among others, are
that the appellee as trustee had no right to charge and
appropriate fees to himself in the double capacity of
trustee and attorney, the capacity as attorney and trustee
being inconsistent.   The appellee contends, first, that the
two capacities are not inconsistent; and, second, that
the deed of assignment authorizes it.

As to the first proposition, it is, as we understand it,
settled that a trustee will not be permitted to charge
attorney's fees for legal services rendered to himself as
trustee; because, to allow the trustee to charge himself
with attorney's fees for services that he as attorney ren-

ders to himself as trustee, places him as trustee in a position that is inconsistent with his duties as trustee; which position he ought not to be permitted to occupy, for the same reason that he ought not to be permitted to purchase at his own sale, or do any other act that would tempt him to abuse his trust duties. To require him to employ a third person to act for him as attorney in matters appertaining to his trust duties, he would proceed, in all probability, to do so prudently, and with an eye single to the best interest of the trust estate; but to allow him to employ himself as attorney, and charge fees for it, would tempt him beyond what a trustee ought to be required to bear in handling the trust estate; for as a layman trustee he would be ignorant of even the most common duties, and would feel compelled to consult himself as attorney in regard to them, in order to increase his compensation. The foregoing views are sustained by the following authorities: Judge Walworth, in the case In re Bank of Niagara, 6 Paige, 213, says: "The receiver was not entitled to charge for extra counsel fees to himself in addition to the legal taxable costs in suits prosecuted or defended by him as attorney or solicitor, nor was he entitled to any allowance in the character of counsel for himself or his co-receiver in relation to any other matter. The employment of counsel, and the payment of a proper allowance for such services, when necessary, requires the exercise of a sound discretion on the part of receivers or the trustees of the fund out of which such services are to be paid. It would, therefore, be as unsafe to allow a receiver or other trustee to contract with and pay himself for such extra services as it would be to allow him to become the purchaser of the trust

property which it is his duty to sell to the best advantage for the benefit of the estate. If he employs third persons as counsel, and has no interest in employing and paying them for services which are not absolutely necessary, there is comparatively little danger that the estate intrusted to his care will be charged with counsel fees which might safely have been dispensed with." Also, in the case of State v. Butler, 15 Lea (Tenn.), 118, the court quoted the foregoing language, and approved of it, and added : "The particular case before us is one in which these words have peculiar force, as it presented a fruitful source of temptation to contests of every kind which it would not be proper to impose upon the receiver. The temptation to earn fees as counsel was liable to warp his judgment, and is more than human nature ought to be required to meet in the execution of so important a trust." Other cases of the same import might be referred to, but it is unnecessary.

As to the second proposition. The deed of assignment provides that, after paying the expenses of executing the trust, including commissions and reasonable attorney's fees, out of the trust fund, the balance shall be equally distributed among the creditors. The appellee contends that said provision authorizes the assignee to employ himself as attorney, and pay himself as attorney out of the trust fund. As to the meaning of the clause, " a reasonable attorney's fee," it must be interpreted to mean such attorney's fees as the trustee is allowed by law to charge. And as we have shown that the trustee is not allowed to charge for his own services as attorney, it follows that the clause refers to such attorney's fees as the law allows to be charged in such cases. For the deed of assignment

Kentucky National Bank v. Stone, &c.

to allow the assignee to render professional services for himself, and charge extra therefor, would be a fraud upon the creditors of the assignor; for it would tempt the assignee, and would in fact authorize him to withdraw funds that ought to go to the equal benefit of creditors, and appropriate the same to his own use as attorney without reference to the fact as to whether such professional services were needed. He as trustee would be entirely ignorant of his duties, but as attorney he would be most wise, and would have to be consulted upon all occasions —the most trivial—in order to increase his own emoluments. (See Heacock, &c., v. Durand, &c., 42 Ill., 232–3.)

Therefore, instead of the said clause conferring valid authority upon the assignee to charge for the services rendered by himself as attorney, it seems that the clause would have the tendency to render the assignment invalid. The conclusion is that the appellee had no right to make extra charges for professional services rendered the trust estate by himself, and that the only charge for services that he is entitled to make is not exceeding five per cent. for his services as assignee.

The appellee is a practitioner of this court, and is known to each member to be a gentleman, and incapable of doing knowingly a personal or professional wrong; nor is any wrong imputed to him in this case, nor does any appear; but the foregoing principles are based upon public policy that applies to all persons similarly situated.

The judgment is reversed, with directions for further proceedings consistent with this opinion.