[No. 1677.]

DOSS ET AL. v. STEVENS, ADMINISTRATOR.

1. PROBATE PROCEEDINGS—CHANGE OF VENUE—PRESUMPTION.

Under section 509, Gen. Stats., the county court is authorized for certain causes to change the venue of probate proceedings to the district court of the county, and where the venue in such proceedings is changed to the district court, in the absence of any showing to the contrary, it will be presumed that the power was rightfully exercised.

2. ESTATES OF DECEDENTS—ANCILLARY ADMINISTRATION—COMPENSATION OF ADMINISTRATOR.

Where an administrator of an estate took out letters of ancillary administration in another state, where part of the estate was situated, he was entitled to the allowance made by the court having control of the ancillary administration in addition to his allowance as domiciliary administrator, and where he turned over to himself, as domiciliary administrator, all the proceeds of the estate from the ancillary administration, and reported the same to the court without deducting therefrom the allowance to him as ancillary administrator, the Colorado court could properly allow him the amount allowed him as ancillary administrator in addition to the maximum allowance fixed by the Colorado statutes.

3. APPELLATE PRACTICE—FINDINGS—PROBATE PROCEEDINGS.

The finding of the lower court as to the value of personal property coming into the hands of an administrator as a basis for his compensation is binding on the appellate court unless manifestly against the weight of the evidence.

4. ESTATES OF DECEDENTS—ALLOWANCE TO ADMINISTRATOR—ATTORNEY'S FEES.

An allowance to an administrator of attorney's fees for counsel employed by him, where there were objections filed to his report, will not be disturbed by the appellate court unless there was an abuse of discretion by the lower court in making the allowance.

5. SAME—ADMINISTRATOR'S SERVICE AS ATTORNEY.

Under the Colorado statutes, where an administrator himself is an attorney at law, he cannot be allowed compensation for his professional services to the estate as an attorney.

*Appeal from the District Court of Las Animas County.*

Mr. A. C. McCHESNEY, for appellants.

Mr. J. C. GUNTER, for appellee.

Mr. MORTON E. STEVENS, *pro se.*

WILSON, J.

This is an appeal from a judgment of the district court in favor of Morton E. Stevens, administrator *de bonis non* of the estate of Sam Doss, deceased, and involves solely the amount of compensation to be allowed on final report for the services of such administrator. The decedent died at his residence in Las Animas county, Colorado, about June, 1892, leaving a personal estate consisting principally of cattle and a few horses running upon the open range in Colorado, New Mexico, Arizona, Oklahoma and Texas, by far the larger portion,— more than one half,—being upon the range in New Mexico. In addition to this property, there was a small amount of real estate, also located principally in New Mexico. The total value of the personal estate was about $90,000, and all of the estate was heavily incumbered by mortgage and other evidence of indebtedness, to the extent of more than one half of its value. W. H. Bradley was appointed administrator by the county court of Las Animas county, and served as such until September, 1893, at which time he resigned, and Morton E. Stevens was thereupon, at the request of a number of the creditors, appointed by the court administrator *de bonis non.* Mr. Stevens was at the time a practicing lawyer in the city of Trinidad. About February 3, 1894, at the request of a number of creditors of the estate, Stevens was appointed by the probate court of Guadaloupe county, New Mexico, as administrator of the assets of the estate being in that territory, which constituted, as we have said, more than one half of the cattle, and a portion of the real estate. In pursuance of this appointment, Stevens proceeded to administer upon the estate, making reports from time to time to the probate court in New Mexico of all such of his acts as related to property in New Mexico, and to the court in Las Animas county of

his proceedings in reference to all other property, and also as to the New Mexico property. The disposition of the property in New Mexico, however, was under and in accordance with the orders from the court in that territory. No claims against the estate were presented or allowed in the probate court of New Mexico, and the administrator after accounting to such court for the proceeds of sales of property made in that territory, turned over the proceeds to himself as domiciliary administrator in Las Animas county, and accounted for them to the county court therein. About March 9, 1896, the assets of the estate in New Mexico seem to have been disposed of, and upon final report to the probate court in that territory, he was discharged, the court having first allowed him for his services as administrator in said territory the sum of $2,316.87. Of this allowance, the administrator paid to himself the sum of $1,050, out of funds then in his hands arising from the sale of assets in New Mexico, leaving a balance due him on such account of $1,266.87. In March, 1897, the administrator under order of the county court in Colorado, made his final report, which is the report in question in this suit. In this he requested as allowances for his services, six per cent on the amount realized from the estate; also the balance due to him on account of the allowance for his services by the New Mexico court; also a small amount for stationery, postage, and stenographic help; also the sum of $350, for fees of counsel other than himself employed in and about the hearings on this final report; and also the sum of $1,500 for professional services rendered by himself while administrator, in behalf of the estate. Two of the heirs at law of the estate appeared by counsel and filed exceptions to the report, such exceptions going to each and every claim for allowance for services made by the administrator. Upon motion of the administrator, the venue was changed from the county to the district court, in which both parties appeared, and final hearing was had. Just before proceeding to trial, it was conceded by the attorney for objectors that six per cent upon the entire amount of assets realized by the admin-

istrator was a reasonable compensation for his services under the circumstances involved. The exception, therefore, to this allowance is eliminated from the case, and need not be considered. The district court found that the value of the personal property which came into the hands of the administrator *de bonis non* as domiciliary administrator and within such domiciliary administration was $90,449.10 ; that a reasonable compensation for his services as such domiciliary administrator and for the administration of such property within the domiciliary jurisdiction was six per cent upon said amount, and this sum was allowed him. The court further found that it was for the best interests of the estate that letters of administration were taken out in New Mexico ; that after such appointment the administrator performed valuable services as ancillary administrator, and that a reasonable allowance for such services was the amount allowed by the New Mexico court, and the administrator was given judgment for the unpaid portion of that allowance. The court further found that during the course of the administration, the administrator had performed for the estate services purely legal and in his capacity as a lawyer, and that such services were necessary to the estate, and of the reasonable value of $1,500, but refused to render judgment therefor, on the ground that as a matter of law, it could not do so. These are substantially all the matters that are discussed in the briefs of counsel, and which need to be considered. The objectors appealed from the judgment, and the administrator has assigned cross-error upon the refusal of the court to allow him compensation for legal services rendered by him.

The first objection raised by the appellants is that the district court was without jurisdiction. This is based upon the provisions of section 508 of the General Statutes, and in support of this contention we are cited to a decision of this court. *McKinnon v. Hall*, 10 Colo. App. 291. That case does not sustain the point attempted to be made. In that, the district court attempted to assume original jurisdiction in the first instance. In this the proceedings were properly had

and commenced in the county court, which however changed the venue to the district court. This the county court had the power to do for certain causes. General Statutes, sec. 509.

It does not appear from the record in this case for what cause the venue was changed, but a county court having such power under certain circumstances, it will be presumed in the absence of any showing to the contrary, that the power was rightfully exercised.

The main argument of the objectors is addressed to that portion of the judgment of the court in favor of the administrator for the unpaid portion of the allowance to him by the New Mexico court. In this we think there was no error. The rule laid down by Schouler, and which has received the approval of all of the authorities to which our attention has been directed, is to the effect that it is the duty of a domiciliary executor or administrator, so far as may be consistent with his information and the exercise of a sound discretion, to see that ancillary letters of administration are taken out at the situs of the property belonging to the estate, or any portion of it, if it appear to be needful or prudent in order to collect and realize such assets. Schouler on Executors and Administrators, § 175; In re Ortiz, 86 Cal. 306.

And it makes no difference whether these letters are taken out by the domiciliary administrator or by another. The ancillary administration, however, is solely within the control of the court which grants the letters, and all of the assets of the estate within its jurisdiction must be accounted for to it. It is a separate and distinct administration, entirely independent of the domiciliary administration, except in so far that when it is finally ended, and the administrator discharged, he may be compelled to account for and turn over to the domiciliary administrator such amount as may remain in his hands, after the settlement of all claims against, and expenses growing out of the ancillary administration. Even this, possibly, should properly be done by an order of the court having charge of the ancillary administration. No question is raised as to the lawfulness of the action of the

New Mexico court in allowing the administrator the compensation which it did. The administrator was entitled to pay himself the full amount from the money in his hands arising from the sale of the assets in New Mexico. Instead of this, he retained only a part of the sum, accounting for all of the balance to the domiciliary administration. In reality, so much of the New Mexico allowance as he had failed to retain and paid over to the domiciliary administration was rightfully his money, and we see no reason why, this being the case, the Colorado court could not properly have allowed the claim. In effect this did not violate, but was in accord with, the rule that all expenses of an ancillary administration shall be paid from the assets within the jurisdiction which granted the ancillary letters. In this case, the proceeds of the New Mexico assets had been paid over to the administrator *de bonis non* acting under the domiciliary letters, and accounted for by him to the Colorado court—such payments having been made from time to time under the orders of the New Mexico court, but upon the express condition that the moneys so paid should be received subject to the payment of the costs of administration in New Mexico. The allowance by such court to its administrator was a part of these costs.

The appellants also raise some question as to the finding of the court of the value of the personal property coming into the hands of the administrator under the domiciliary administration. This was a matter of fact, and such finding not being manifestly against the weight of the evidence presented, will be binding upon this court. The objectors also except to the allowance of $350 for services of counsel in the proceedings pertaining to the final report, on the ground that they conceded that six per cent on the amount of the personal estate might be allowed. It appears, however, that this concession was not made until the parties were in court, and ready to proceed to trial, and moreover, there were other objections to the report which remained to be and were considered, and one of them at least, that in reference to the

allowance by the New Mexico court, was overruled. The court held that these legal services were rendered; that they were proper and necessary, and that their reasonable value was $350, and we are not disposed to interfere with this finding, there being nothing to show a different state of facts, nor that there was an abuse of discretion by the court.

With reference to the cross-error assigned by the administrator, we think that the district court was clearly in the right. The statute which bears upon this question reads as follows:

"Executors and administrators shall be allowed as a compensation for their trouble a sum not exceeding six per cent on the whole amount of personal estate, and not exceeding three per cent on the money arising from the sale or letting of land; with such additional allowances for costs and charges in collecting and defending the claims of the estate and disposing of the same as shall be reasonable, to be allowed and paid as other expenses of administration." General Statutes, sec. 3630.

This section was taken bodily from the statutes of Illinois, and the highest courts of that state have passed upon it and settled its meaning in several cases on all-fours with the one at bar. In *Willard v. Bassett*, 27 Ill. 38, the question was squarely whether an attorney of the court, who was an administrator, was entitled to an allowance against the estate for professional services in cases which he prosecuted or defended as such administrator. Judge Caton, speaking for the court, said: " The authorities are uniform that this should not be allowed, and every principle of sound policy forbids it. * * * If he chooses to exercise his professional skill as a lawyer in the defense of the estate, that must be considered a gratuity. To allow him to become his own client, and charge for professional services for his own case, although in a representative or trust capacity, would be holding out inducements for professional men to seek such representative places to increase their professional business, which would lead to most pernicious results. This is forbidden by every

sound principle of professional morality, as well as by the policy of the law." There is no reference in this case made to the statute, but in the next case to which we are cited, the statute is commented upon. *Hough v. Harvey et al.*, 71 Ill. 72. In that it was held that the words "costs and charges" in the statute were intended to cover only such actual expenses, —"money out of pocket," as the court terms it,—incurred by the administrator in the business of the estate, and not to permit of any charges for extra services, or any services beyond the limit fixed by the statute. In the next case, it was squarely decided that there was no warrant of law for allowing to administrators as compensation for their services a sum exceeding six per centum on the amount of the personal estate. *Askew v. Hudgins*, 99 Ill. 468.

These decisions seem to be within the rule laid down and observed by the authorities generally. In Woerner on the American Law of Administration, § 529, it is said :

" The statutes of a number of states allow extra compensation to executors and administrators for the rendition of services to the estate outside of the scope of their ordinary duties. Unless such extra compensation is within the language or spirit of the statute, it cannot be allowed, because at common law their personal services are wholly gratuitous."

A large number of authorities from a great number of states are cited in support of this position. Mr. Schouler lays down substantially the same rule. Schouler on Executors and Administrators, § 545. Under the positive and plain restrictions of our statute, we cannot see how it is possible to hold otherwise. It would seem to be true in this state, as expressed by some of the courts in other states, that when a lawyer becomes a voluntary administrator, he takes his office *cum onere*, and although he exercise professional skill in conducting the estate, he does not thereby entitle himself to additional compensation. *In re Estate of Young*, 4 Wash. 534.

We see nothing in any of the authorities to which counsel for the administrator have cited us, to shake us in such a conclusion. None of them seem at all applicable. Save in one,

there is no reference to any statute controlling the matter, and hence we conclude that in those states there were no such statutes, or if there were, they did not have the restrictions imposed in ours. In the case cited from Ohio, *Piatt v. Longworth*, 27 Ohio St. 159, it appears from the opinion of the court itself that it was based upon a statute which expressly permitted the court to allow to an administrator not only a certain per cent for commissions, but such other sum as the court might deem reasonable for extra trouble. It is hardly necessary to say that no such provisions can by any possibility be read into our statute.

In the case at bar, it appears from the record before us that the administrator *de bonis non*, Mr. Stevens, discharged his duties in a highly creditable manner, and that by his efficient services, the estate was saved from insolvency, and was more than enabled to pay its debts. The legal services which he rendered, and for which he asked compensation, were undoubtedly of material benefit to the estate, and the compensation asked for such services was, as found by the court, unquestionably reasonable, but we are constrained to hold, as did the trial court, however valuable the services may have been, and however meritorious the claim may be, that its allowance is forbidden by express provision of statute.

For the reasons given, the judgment will be affirmed.

*Affirmed.*