## BUSHBY v. BERKELEY.

(Supreme Court, Appellate Division, First Department. December 13, 1912.)

1. ATTORNEY AND CLIENT (§ 30*)—PARTNERSHIP—ACCOUNTING—SCOPE—BURDEN OF PROOF.

Defendant, in an action for an accounting between law partners, should not be ordered to account for a payment made to him, after the dissolution, in a certain action; plaintiff having the burden of showing it was a matter in which he was entitled to share, and there being no proof that it was a partnership matter.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 43; Dec. Dig. § 30.*]

2. ATTORNEY AND CLIENT (§ 30*)—PARTNERSHIP—ACCOUNTING—SCOPE.

Defendant, in an action for an accounting between law partners, should not be required to account for a fund originally paid the firm to be applied to disbursements and expenses of a certain action; it being insufficient for that purpose, whatever be the outcome of a pending appeal in that action, and the terms of the partnership dissolution requiring the accounting to be limited to those actions in which defendant had collected money which was to be divided.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 43; Dec. Dig. § 30.*]

3. ATTORNEY AND CLIENT (§ 30*)—PARTNERSHIP—ACCOUNTING—FEES.

An executor, refusing to pay a legacy due from the estate, thus compelling suit by the legatee therefor, cannot, on accounting with his law

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

partner, share in the fees paid him as attorney for the legatee in the suit.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 43; Dec. Dig. § 30.*]

4. ATTORNEY AND CLIENT (§ 30*)—PARTNERSHIP—ACCOUNTING—FEES—SERVICES TO ESTATE.

As an executor could not collect for legal services to the estate, if rendered by him personally, he is not entitled to share in the fees therefor, on an accounting with his law partner, who rendered the services and was paid therefor.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 43; Dec. Dig. § 30.*]

Appeal from Special Term, New York County.

Action by James C. Bushby against Lancelot M. Berkeley. From an interlocutory judgment directing an accounting, defendant appeals. Modified and affirmed.

See, also, 149 App. Div. 948, 136 N. Y. Supp. 1132.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

L. M. Berkeley, of New York City, for appellant.

Max D. Steuer, of New York City, for respondent.

DOWLING, J. Upon a prior appeal this court laid down the procedure proper to be followed by the court at Special Term in determining the extent to which the accounting herein should go, in order to fix the rights of these parties, viz., to ascertain the actions and proceedings in which the defendant was bound to account, and then to order him to account for all moneys he had received therein. 135 App. Div. 446, 119 N. Y. Supp. 739. This has been done, and we think correctly, except in regard to the following matters:

[1] (1) Berkeley v. Marks. There is no proof whatever that this was a partnership matter, or was connected in any way with the joint business. The payment was made after dissolution, and the burden was on plaintiff to show that it was a matter in which he was entitled to share. This he has failed to do.

[2] (2) Anderson & Dowling v. N. Y. & Harlem Railroad Co. It appears from the testimony, without contradiction, that this fund, originally $500, was paid to the firm to be applied on account of the disbursements and expenses of the litigation against the railroad company, and that, whatever may be the outcome of the pending appeal, the whole amount will be insufficient for those purposes, and that no balance will remain in the hands of defendant.

[3] (3) Mills v. Bushby et al. The defendant, as attorney in fact of Mary J. Mills, was compelled to bring suit against plaintiff, who was an executor of the estate of Sarah J. H. Choate, deceased, and his coexecutor, Dusenberry, to enforce the payment of a legacy due under the will. By the interlocutory judgment herein plaintiff is declared entitled to a share in the fees collected by defendant for his services in this matter. Under no possible circumstances can an executor, who refuses to pay a legacy due from the estate under his

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

care, thus compelling litigation to enforce the rights of the legatee, lawfully or properly share in the fees of the attorney, who has represented such legatee. The very statement of the claim made for a participation in these fees furnishes its own refutation.

[4] (4) In re James D. Choate. This claim resembles the one last referred to. Plaintiff seeks to share in fees paid, by an estate whereof he was one of the executors, to the defendant personally for professional services rendered it as an attorney. He could not collect for such services, if rendered directly by himself, and he certainly should not be allowed to profit therefrom indirectly. Parker v. Day, 155 N. Y. 383, 49 N. E. 1046.

The judgment appealed from will therefore be modified, by striking the four matters heretofore enumerated from those as to which the defendant is directed to account, and, as thus modified, it will be affirmed, without costs. All concur.