[S. F. No. 9779. In Bank.—October 13, 1921.]

In the Matter of. the Estate of MARGARET GRAHAM, Deceased. R. B. TAPPAN, as Executor, etc., Appellant, v. ANNA FORTMAN, Respondent.

[1] ESTATES OF DECEASED PERSONS—ATTORNEY AS EXECUTOR—RIGHT TO EMPLOY COUNSEL.—An executor or administrator of the estate of a deceased person, who is himself a practicing lawyer, is entitled to employ and pay from the estate an attorney for the performance of the usual and ·ordinary legal, services that are incident to the probate proceeding.

APPEAL from a judgment of the Superior Court of Alameda County. E. C. Robinson, Judge. Reversed.

The facts are stated in the opinion of the court.

Nusbaumer & Bingaman for Appellant.

L. R. Weinmann for Respondent.

Allen G. Wright, *Amicus Curiae,* for Appellant.

Walton C. Webb, *Amicus Curiae,* for Respondent.

SLOANE, J.—This is an appeal by R. B. Tappan, executor of the last will of Margaret Graham, deceased, from an order of court denying an allowance, in the final account of the executor, of fees to an attorney employed by said executor in the administration of the estate of said decedent.

The executor Tappan is himself a practicing lawyer, and it was the ruling of the probate court that his employment of an attorney for the usual and ordinary legal proceedings of the administration was not a necessary expense of the administration. An allowance of attorney's fees was made for certain extraordinary services rendered by the attorney employed in the course of the administration. [1] So the only question presented is whether an executor or administrator, who is himself a practicing lawyer, is entitled to employ and pay from the estate an attorney for the performance of the usual and ordinary legal services that are incident to a probate proceeding.

The Code of Civil Procedure, as in force at the time this estate was in process of administration, contained the following provisions (sec. 1616) : "Compensation of executor and administrator. He shall be allowed all necessary expenses in the care, management and settlement of the estate, and for his services such fees as provided in this chapter." (Sec. 1618.) "When no compensation is provided in the will, or the executor renounces all claim thereto, he must be allowed commissions upon the amount of the estate accounted for by him." Then follows a graded scale of commissions varying with the valuation of the estate. Section 1619 provides that attorneys for executors and administrators shall be allowed out of the estate as fees "for conducting the ordinary probate proceedings the same amounts as are allowed by the last section, as compensation for executors and administrators for their own services."

The reasonable necessity for the employment of an attorney to prepare legal papers and conduct the ordinary court proceedings, by the average layman administrator is not disputed. Such employment is a matter of universal practice, the compensation is provided for by statute and made equal to that of the executor or administrator, and such allowance is not made an issue in this case further than to claim an exception where such executor or administrator is

himself a lawyer and competent to perform the legal services required.

We may therefore confine ourselves to a consideration of the question whether a duty rests upon the executor who is a lawyer to render this professional legal service to the estate without additional compensation rather than to employ another attorney for such service.

Counsel in this case are disposed to agree that if the executor does perform these legal services, he may not receive extra compensation therefor.

The issue presented here is whether the performance of such professional legal duties is part of the service designated by the code when it provides that the executor or administrator shall receive "for his services such fees as are provided in this chapter." It is clear that the services incumbent upon the executor in the exercise of his duty to the estate are the same, irrespective of his general vocation in life. The "care, management and settlement of the estate" referred to in section 1616, *supra*, may call for the services of a plumber, a carpenter, an auctioneer, a real estate agent, an expert accountant. Must the administrator render these services if they happen to be in the line of his general occupation? Clearly not. He would be entitled to hire such work done and pay for it as part of the "necessary expense of the care, management. and settlement of the estate." If he did perform such services which were not in the line of his duty as administrator, he might not be permitted to receive compensation, but the reason would be one of public policy forbidding him to be his own employer.

In many of the states, and in California prior to 1873, attorney's fees have been approved under the general provision that the administrator "shall be allowed all necessary expenses in the care, management and settlement of the estate," and, as already pointed out, under such general provision an attorney administrator would be no more called upon to give his professional services to the estate than would the plumber, carpenter, or accountant administrator, to render services that might be required in his special line of business, when the care and management of the estate should call for such employment.

It is true that such services as just referred to are of a more exceptional and casual nature than that of handling the legal business of an administration, but that is an additional reason why the latter should not be gratuitously added to the responsibilities of the lawyer administrator, while all others are allowed to avail themselves of outside legal assistance.

The legal end of the probate of an estate has come to be recognized as a distinct branch of employment. Hence, we have had various amendments to the code recognizing and providing for such legal services. In 1873 there was added to the general provision hereinbefore quoted providing for an allowance to the administrator of all ''necessary expenses,'' etc., the words ''including reasonable fees paid to attorneys for conducting the necessary proceedings or suits in the probate or other courts.'' In 1905 the legislature advanced the position of an attorney in probate matters, so far as relates to compensation, to an equality with the administrator, upon a commission basis graduated according to the value of the estate, and in 1909 the law as it now stands was enacted which gives the same compensation to the attorney for the ordinary legal services of a probate proceeding as are allowed to the administrator for the ordinary business administration of the estate.

We are bound to assume that the legislature in its deliberations has determined that the services rendered by the administrator and by the attorney in such probate proceedings are of equal value, and that the compensation to each is a reasonable compensation for the service rendered. It certainly would be an unjust interpretation of the law which would require of the lawyer administrator twice the service for the same pay that is required of the merchant or mechanic or physician in the same position.

Although the employment of an attorney for the probate of an estate is not required by law, such employment is recognized by our legislation as the usual and customary practice, and it is doubtless conducive to system and accuracy in the administration of the probate law. The probate procedure in California may be considered by many as unduly intricate and expensive, but it cannot be disputed that it is effective in the settlement of estates and the transmission of

187 Cal.—15

property and titles in a way to protect the rights of creditors and of heirs and devisees.

The whole matter of the disposition of the estates of deceased persons is within the legislative control. Our legislature has seen fit to recognize the services and compensation of the administrator, and the services and compensation of an attorney, as relating to distinct employments in probate administration.

There are, and have been to the knowledge of all legislators, hundreds of practicing lawyers serving as executors and administrators, but there has been no intimation in any law upon the subject that a different rule should apply to a lawyer in such position in the matter of employing legal assistance than to an administrator of any other business calling.

And in all of the innumerable instances in this and in other states where lawyer administrators have employed and paid attorneys there seems to be but one case in the courts where the right of such employment has been called in question.

There are decisions cited where, on grounds of public policy, it has been held that an administrator rendering legal services cannot receive additional compensation therefor. (*Taylor* v. *Wright*, 93 Ind. 121; *Hough* v. *Harvey*, 71 Ill. 72; *Collier* v. *Munn*, 41 N. Y. 143; *Bushby* v. *Berkeley*, 153 App. Div. 742, [138 N. Y. Supp. 831]; *Doss* v. *Stevens*, 13 Colo. App. 535, [59 Pac. 67].)

Other courts have upheld allowances to the administrator for legal services rendered by him as an attorney in the interests of the estate. (*Harris* v. *Martin*, 9 Ala. 895; *Morgan* v. *Nelson*, 43 Ala. 586; *In re Mabley's Estate*, 74 Mich. 143, [41 N. W. 835]; *Chatfield* v. *Swing*, 6 Ohio Dec. 666; *Fulton* v. *Davidson*, 50 Tenn. 614.)

The only decision which the diligence of the counsel in this action and of *amicus curiae* filing briefs in behalf of this matter has been able to find bearing upon the right of such administrator to employ an attorney is that of *Noble* v. *Whitten*, 38 Wash. 262, [80 Pac. 451]. This decision was under a statute similar to the provisions of the California law prior to 1873, which merely allowed to the administrator "all necessary expenses in the care, management and settlement of the estate." It was there held that the adminis-

trator, who was a practicing lawyer, was not under the necessity of employing additional legal assistance and was not entitled to an allowance therefor. It is said in the course of the opinion: "In this case the record shows that the administrator was a lawyer. He had control of the estate as agent and attorney for the deceased during her lifetime. He was allowed a claim of two hundred dollars for services and advice to Mrs. Whitten prior to her death. Mr. Whitten, the principal heir, desired to retain him as attorney to represent 'my interest and that of my children, if any, and continue to manage the property so far at least as our interests are concerned,' and upon this request Mr. Noble voluntarily offered to serve as administrator. Because of these facts no doubt Mr. Whitten consented to his appointment as administrator and because of his ability and fitness to conduct the administration of the estate the court appointed him."

To what extent the court was influenced in the decision cited by the circumstances referred to, as to the choice of this administrator with a view to his legal services, does not appear. In the application of the limitation as a general rule, especially in view of the more specific recognition of the functions of an employed attorney under our code, its authority is not controlling and its reasoning is not convincing.

Conceding that it is still within the discretion of the probate court in this state to pass upon the necessity for the employment of an attorney in the administration of an estate, the same as upon other matters of necessary expenditure, we are satisfied that denial of such necessity cannot be made to rest upon the mere fact that the required services are in the line of the administrator's profession or business.

The order appealed from is reversed.

Wilbur, J., Lennon, J., Lawlor, J., and Angellotti, C. J., concurred.

Rehearing denied.

All the Justices concurred.