## Carlisle County, et al. v. Norris.

(Decided October 5, 1923.)

### Appeal from Carlisle Circuit Court.

1. Charities—Voluntary Trust Set Aside on Showing Purpose Failed. —The creator of a voluntary charitable trust may have it set aside and annulled on showing that the purpose of the trust has failed

because the beneficiary or beneficiaries would not accept it or its benefits.

2. Charities—Voluntary Trust Annulled on Failure of Public to Accept Benefits.—Where one transferred a tract of land to trustees to be used as a public burying ground for the use of the public, and funds were deposited with the trustees for the improvement and beautifying of the grounds, and the cemetery was open to the public for more than 10 years and not a single body had been interred therein, the creator of the trust was entitled to have it set aside and annulled, and the funds returned, it being against public policy to allow the lands and funds to remain unemployed.

JOHN E. KANE and R. M. SHELBOURNE for appellants.

R. O. WILLINGHAM for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Conceiving that the city of Bardwell and the county of Carlisle needed a new public cemetery, appellee Norris in 1912 conveyed a tract of about 30 acres of land to certain named trustees and their successors, to be laid off, held and used as a public burying ground for the use of the public. At a later date he conveyed an addditional tract to the same trustees and at another time he placed $5,000.00 on deposit in a bank, the income and profits to be employed for the use and benefit of the public by the trustees in improving the property as a cemetery, and at yet another date placed another $5,000.00 with the same trustees for similar purposes.

Appellee Norris erected at his own expense a chapel on the cemetery grounds and turned it all over to the trustees, who accepted the trust and entered upon their duties. The trustees exercised and performed their duties and functions by taking care of the grounds, and in doing so expended about $300.00 of the accumulations from the $10,000.00 trust funds. The cemetery was open for use by the public, according to the rules and regulations adopted by the trustees and in accordance with the terms of the trust.

Strange as it may seem the public did not accept the cemetery for burial purposes. Not a single body was interred in the proposed cemetery from the time of the creation of the trust in 1912 until the bringing of this action, more than ten years later, to avoid the trust and reinvest the appellee Norris with the title to the real estate and trust funds which he had voluntarily given and donated

as a public charity. Concluding that the public would not accept the trust nor employ it for the purpose for which it was created, the donor, appellee Norris, demanded of the trustees a reconveyance of the real estate and a return of the $10,000.00 with its accumulations. This being refused on the ground that the trustees were doubtful as to their right and power to make such reconveyance, this suit was instituted to cancel the voluntary conveyances mentioned above and to recover the money held by the bank as a trust for the improvement of the cemetery, on the grounds that the trust had failed.

The lower court adjudged appellee Norris entitled to the relief prayed and the trustees appeal.

The question is, may the creator of a voluntary trust have it set aside and annulled upon showing that the purpose of the trust has failed because the beneficiary or beneficiaries would not accept it or its benefits?

The general rule with respect to the reversion of property to the donor upon the failure of a charity is well stated in 11 Corpus Juris 371, where it is said:

"When lands have been donated to charity and the title is vested absolutely in trustees for charitable uses, they are not only inalienable for other purposes, but they also do not revert to the donor or to his heirs. In Virginia there are no resulting trusts with respect to charities. In general, when no power of revocation is reserved, or provision for reverter made, the trustees' abandonment or abuse of the trust does not cause the trust to fail or the property to revert. If the estate is misapplied the fitting remedy is not its forfeiture to the grantor or his heirs, but a proceeding on the equity side of the court to enforce the trust. However, the broad statement that a conveyance of land to trustees for a charitable use is not liable to be defeated by nonuser is to be taken with a qualification, depending on the nature of the conveyance, its limitation of the estate or interest conveyed, and its limitation of the use intended to be protected by it. Where there is no reservation of a power of revocation or provision for reverter, the trust may be extinguished so as to revert to the donor or his heirs when, and only when, there has *been an entire failure of object or purpose,* there being no reverter when the gift can be applied to a similar charity, under the doctrine of *cy pres.* The abandonment of a charitable use involves

the elements of intent to abandon permanently, and the physical fact of nonuser, and the evidence to establish abandonment of a charitable use created by deed must be clear and conclusive.

See also 5 R. C. L., pages 334 and 368.

This court in the case of Grundy, Trustee, etc. v. Neal, 147 Ky. 729, laid down the doctrine that while a deed contains no provisions to the effect that, in the event the property shall cease to be used for the purpose for which it was granted, it shall revert to the grantor, such provision was not necessary, for the conveyance being a voluntary one, for charitable purposes, would automatically revert to the grantor when the purpose for which the conveyance was made had failed. McDaniel v. Watson, 4 Bush 234.

In the McDaniel case the congregation to which McDaniel had obligated himself to convey a tract of land for church purposes only, acquired another location for their house of worship and moved to it, thus abandoning the old grounds. The church then sought to require McDaniel to perfect the title by deed. In discussing the question this court said:

"The alleged undertaking of McDaniel to convey the ground was not upon a valuable consideration, but a voluntary dedication thereof to the use of the congregation; consequently if the congregation should cease to occupy it, and the uses to which it was dedicated wholly fail, the estate, if he had conveyed it, would revert to him or his heirs; and, *a fortiori*, if the use had failed before the conveyance was made, he would be under no obligation to convey the ground."

A somewhat similar question was presented in the case of Morrow v. Slaughter, 5 Bush 330, and we said:

"Had the appellee been the donor of a charity, a failure in the object of dedication would, by an implied trust, have resulted in a reversion to herself."

In Taylor v. Rogers, reported in 130 Ky. 112, the question was whether or not the donor of land for the establishment of a particular kind of school could, upon the failure of the school, reinvest himself with the title. In holding that upon the failure of the purpose of the trust the donor was entitled to the value of the lands donated from the sale of the lands with improvements as ordered, we said:

"As the trust has failed we conclude that the present trustees hold the property in question in trust for the use and benefit of appellants and all other donors."

In the instant case the public, for whose benefit the donation was made and the trust created, has failed and refused to accept the trust and have therefore allowed its purpose to fail. The cemetery had been open to the public for more than ten years before the commencement of this action and not a single body had been interred therein. The funds donated by appellee for the improvement and beautifying of the grounds has served no purpose save to increase the deposits of the bank in which they were placed. These funds had accumulated as they were placed on interest. The lands were located in a thickly populated community near or in the county seat. To allow the lands to remain idle in such a situation and the funds to be unemployed for so long a time is against public policy. As the beneficiaries of the trust by failure to employ the cemetery for the purposes intended for more than ten years have manifested a fixed intention not to accept the benefits thereof, the donor, being the only person entitled to the property, may have the trust adjudged invalid and the property restored to him. The donor, the only interested party, the trustees being mere titleholders for the donor and the beneficiaries, has the paramount title and is entitled to have the real property reconveyed to him and the trust funds surrendered in accordance with the prayer of the petition.

The petition stated a good cause of action which was not subject to general demurrer. The answer did not present a sufficient defense. The lower court properly granted the relief prayed.

Judgment affirmed.