## Norris v. Bishop, et al.

(Decided March 3, 1925.)

### Appeal from Carlisle Circuit Court.

Trusts—Allowance, Out of Trust Fund, of Attorney's Fee to Trustee, for Service in Defending Settlor's Suit to Recover Trust Property, Held Proper.—Allowance, out of trust fund, of attorney's fee to trustee, for services rendered by him as attorney in defending in good faith settlor's suit to recover trust property, held proper, not being against public policy.

R. O. WILLINGHAM for appellant.

JOHN E. KANE for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

In 1912, T. P. Norris conveyed a tract of land in Carlisle county to certain named trustees and their successors to be held and used as a public burying ground. Later on, he placed $5,000.00 with the Bardwell Deposit Bank, and $5,000.00 with the First National Bank, to be used in improving and maintaining the property as a cemetery. At the same time, the president of the Bardwell Deposit Bank, the president of the First National Bank, and the county judge and their successors, were appointed to manage the fund for the purposes mentioned in the deed. About ten years later, the settlor brought this suit against the trustees to recover the trust property on the ground that the public had never made any use of the cemetery, and the object of the charity had wholly failed. Conceiving it to be their duty to defend the trust, John E. Kane, one of the trustees, and a lawyer of high standing, was employed for that purpose and conducted the defense. On final hearing, the chancellor adjudged Norris the relief prayed, and the judgment was affirmed. Carlisle County, et al. v. Norris, 200 Ky. 338, 254 S. W. 1044. In settling the accounts of the trustees on the return of the case the chancellor allowed John E. Kane an attorney's fee of $750.00, to be taxed as costs and paid out of the trust fund. From that order this appeal is prosecuted.

The reasonableness of the fee is not attacked, but it is insisted that no allowance whatever should have been made to the trustee for the services that he performed as attorney. Many of the courts take the position that

an executor, administrator or trustee, who is also an attorney, is not entitled to extra compensation for the services which he renders as an attorney in the administration of the estate. Taylor v. Wright, 93 Ind. 121; Hough v. Harvey, 71 Ill. 72; Collier v. Munn, 41 N. Y. 143; Bushby v. Berkley, 153 App. Div. 742, 138 N. Y. Supp. 831; Doss v. Stevens, 13 Colo. App. 535, 59 Pac. 67, and we have applied the same rule in the case of an assignee for the benefit of creditors. Kentucky National Bank v. Stone, 93 Ky. 623, 20 S. W. 1040. The reason for the rule is, that a trustee can not be expected to exercise the same prudence and foresight in employing himself that he would exercise in the employment of another, and he should not be subjected to the temptation of being ignorant as trustee in order that he may consult himself as attorney and profit by his wisdom in that capacity. On the other hand, many of the courts hold that where a trustee renders professional services for the benefit of the estate he is entitled to compensation therefor. In such a case the rule is not to allow him the usual professional charges for such services, but a compensation fixed and determined according to what is fair and reasonable in view of all the circumstances. Marks v. Semple, 111 Ala. 637, 20 So. 791; Harris v. Martin, 9 Ala. 895; Ellig v. Naglee, 9 Cal. 683; Farmers', etc., Bank v. Martin, 3 Md. Ch. 224; Turnbull v. Pomeroy, 140 Mass. 117, 3 N. E. 15; Shirley v. Shattuck, 28 Miss. 13; Willis v. Clymer, 66 N. J. Eq. 284, 57 Atl. 803; Wisner v. Mabley, 74 Mich. 143, 41 N. W. 835; Fulton v. Davidson, 3 Heisk. (Tenn.) 614; Perkins' Appeal, 108 Pa. St. 314. These cases do not recognize any right to compensation based on the contract of employment or agreement as to the amount of the fee, but proceed on the theory that the question of compensation is solely for the courts, and may be made in cases where legal proceedings necessary for the protection of the estate and such as a prudent man would institute in a matter affecting his individual interests, are undertaken and conducted in good faith.

In England, where ordinarily the trustee is not allowed compensation for any service, the rule is that when a trustee is a solicitor and employs himself in matters relating to the trust, he is only entitled to be paid his disbursements, or money out of pocket, and is entitled to nothing for his time or professional trouble. Todd v. Wilson, 9 Beav. 486, 10 Jur. 626, 15 L. J. Ch. 450, 50 Eng. Reprint 431; Bainbrigge v. Blair, 8 Beav. 588, 9 Jur.

765, 50 Eng. Reprint 231. But an exception has been made in the case of two or more trustees where one of them being a solicitor acts for himself and his co-trustees in a suit. In re Corsellis, 34 Ch. D. 675, 51 J. P. 597, 56 L. J. Ch. 294, 56 L. T. Rep. N. S. 441, 35 Wkly. Rep. 309; Craddock v. Piper, 1 Hall & T. 617, 47 Eng. Reprint 1556, 14 Jur. 97, 19 L. J. Ch. 107, 1 Macn. & G. 664, 47 Eng. Ch. 527, 41 Eng. Reprint 1422; though the exception does not extend to a case where a trustee acts for himself and his co-trustees in the administration of the trust estate out of court. Broughton v. Broughton, 5 De G. M. & G. 160, 1 Jur. N. S. 965, 25 L. J. Ch. 250, 3 Wkly. Rep. 602, 54 Eng. Ch. 129, 43 Eng. Reprint 831; Lincoln v. Windsor, 9 Hare 158, 15 Jur. 765, 20 L. J. Ch. 531, 41 Eng. Ch. 158, 68 Eng. Reprint 456.

In the case at bar there were three trustees who served without compensation, and no allowance was asked or granted for professional services rendered in the administration of the trust estate out of court. The compensation was allowed solely for services rendered in defending the suit to set aside the trust. The trustees would have been recreant to their duty if they had permitted judgment to go by default. In making defense, the trustees had no personal interests to subserve. The professional services were rendered not in behalf of the trustees, but in behalf of the beneficiaries of the trust, and between them and the trustees there was no conflict of interests. As the defense was undertaken and conducted in good faith, and the whole matter of compensation is one for the court, it seems to us that the case falls within the exception, and that there is no rule of public policy that forbids a reasonable allowance for the professional services rendered.

Judgment affirmed.