## DUNN v. ELLIS et al.

Court of Appeals of Kentucky.

Feb. 1, 1952.

Charles E. Dunn, Covington, for appellant.

Orie S. Ware, Frank Gofton Ware, Covington, for appellees.

LATIMER, Justice.

By this action a declaration of the rights of the parties was sought and, in addition thereto, the consequential relief of specific performance. Appellees, heirs-at-law of Kate Ellis, pursuant to a contract to sell certain real estate to appellant, Charles E.

Dunn, executed and tendered to him a deed thereto. Appellant, questioning the title, declined to accept the deed and refused to perform his part of the contract, although indicating in his answer herein willingness to be bound if appellees can convey a marketable title to the real estate. The court adjudged that the heirs of Kate Ellis are the owners in fee simple of the real estate in question and that the deed tendered conveys a good marketable title and then decreed specific performance. From that judgment this appeal is prosecuted.

It becomes obvious that the sole question is whether or not the plaintiffs below can convey a marketable title.

We shall indicate briefly the sequence of events which led to this litigation. Prior to December 3, 1895, Kate Ellis owned in fee simple the real estate in question. Apparently being a very devout woman with a manifest religious and charitable spirit, she erected on this real estate a small chapel, wherein she conducted Sunday School on Sunday afternoons for under-privileged children in that neighborhood. On December 3, 1895, by two simultaneous deeds this real estate became vested in her as Trustee for the Union Mission Church, of Austinburg, Covington, Kentucky. By the first of these deeds she and her husband conveyed this property to W. L. White, a single man. The consideration recited therein was one dollar and the further consideration that White would immediately reconvey the property to Kate Ellis as Trustee for the Union Mission Church to be held by her as such trustee solely for the use and benefit of that church.

W. L. White reconveyed this property to Kate Ellis as Trustee pursuant to the directions in the first deed. The habendum clause reads: "To have and to hold the same to the same Kate Ellis, Trustee, solely for the use and benefit of said Church, her successors and assigns forever * * *".

Kate Ellis continued to conduct the Sunday School until her death in 1904. Her daughter undertook to carry on the work after her mother's death, but sometime in 1912 or 1913 abandoned the project, since which time this property has not been used for any purpose. The building fell into disrepair and more than twenty years ago was torn down by the city, leaving only the vacant lot.

The proof establishes that there is no organized group of members constituting the Union Mission Church; that no person outside of the Ellis family ever had any interest in the Mission; and that same has been defunct since 1912 or 1913 with no effort on part of anyone to further its purpose. Defendant below in answer alleged possible existence of beneficiaries of the trust. However, report of the Warning Order Attorney indicates that none could be found and that no beneficiaries exist.

The Chancellor has favored us with a carefully written and exhaustive opinion. He very properly and succinctly sets out the facts and the applicable law. He states as a premise, that the two deeds creating the trust must be read and construed together "since they are but elements of a single purpose." He then concludes that W. L. White had no interest in the real estate, but served only as a conduit through whom the original grantor changed the manner in which she held title, and that because of the failure of the purpose for which the trust was created there has been a merger of the legal and equitable estates. He relies upon the rule that where the manifest intention of a settlor is to restrict the gift to a particular charitable purpose, and it becomes impossible to carry out that purpose, the trust fails and the property reverts to the donor even though there be no express provision for reverter. 10 Am.Jur. 674, Charities, Sec. 122; 54 Am. Jur.Trustee, Secs. 88 and 89; Restatement of Trusts, Secs. 341 and 413; Carlisle County v. Norris, 200 Ky. 338, 254 S.W. 1044, 38 A.L.R. 41; Grundy v. Neal, 147 Ky. 729, 145 S.W. 401.

The Chancellor was correct in concluding that in the absence of a showing of general charitable intent and especially where a particular specified purpose is present, the doctrine of cy pres is not applicable. See Hampton v. O'Rear, 309 Ky. 1, 215 S.W.2d 539. We conclude the court properly resolved the question.

The judgment is affirmed.