The CITY OF DANVILLE, KENTUCKY, a Municipal Corporation of the Third Class in Boyle County, Appellant,

v.

Louise CALDWELL et al., Individually, etc., et al., Appellees.

Court of Appeals of Kentucky.

March 21, 1958.

Wesley Gilmer, Jr., Danville, for appellant.

Pierce Lively, Danville, for appellees.

BIRD, Judge.

Emma Weisiger died testate on February 13, 1952, and her will was duly probated in Boyle County, Kentucky, on February 16, 1952. Paragraphs 20 and 21 of her will provide as follows:

"20. I devise to the City of Danville, Kentucky the parcel of land that I own at the northeast corner of Main and Fourth Streets in Danville, Kentucky and which is bounded on the east by the Court House property and on the north by the Boyle County jail property. This property shall never be sold by the City of Danville nor built upon, but shall perpetually constitute and be maintained as a park for the people of the City of Danville. This park shall be known as 'The Malcolm Weisiger Memorial Park' and shall

be a memorial to my brother Malcolm Weisiger who bought this property many years ago. My executor is directed to erect on this property an appropriate marker and same shall be paid for out of my estate at a cost not to exceed two thousand dollars. I name my friends Mrs. Hagar Burdett and Mrs. Belle M. Rainey and my cousin Miss Helen Gill a committee to select the design for this marker. It is my wish that the officials of the City of Danville will always see to it that this spot in the heart of the town of Danville shall show forth the beauty of grass and flower.

"21. I bequeath to the Farmers National Bank of Danville, Kentucky as trustee the sum of five thousand dollars, the net income from which shall be used each year in maintaining the Malcolm Weisiger Memorial Park in a neat and attractive appearance."

The plaintiff, City of Danville, accepted the gift and took title to the property which at the time of testator's death was under lease due to expire on July 31, 1960. The devisee cannot use the property as directed until the lease expires. The rentals however, have been paid to the City of Danville and are held in a separate fund known as the "City of Danville Weisiger Property Fund." Sixty-four hundred dollars was in this fund at the time this action was filed and it is probable that $10,000 in rentals will have accumulated when the lease expires.

Relative to this fund the Common Council of the City of Danville by Ordinance No. 876 provided as follows:

"Sec. 1. The sum of $4,000.00 is hereby appropriated from the 'City of Danville Weisiger Property Fund' now deposited in the Farmers National Bank of Danville, Kentucky, for the purposes of the Danville & Boyle County Recreation Commission during the fiscal year beginning July 1, 1957, and ending June 30, 1958, for said commission's general park purposes current expenses, including pleasure, exercise, amusement, ornamentation and recreation.

"Sec. 2. The sum of $2,500.00 is hereby appropriated from the 'City of Danville Weisiger Property Fund' now deposited in the Farmers National Bank of Danville, Kentucky, for the purposes of the Danville & Boyle County Recreation Commission during the fiscal year beginning July 1, 1957, and ending June 30, 1958, for capital improvements on the public park now owned by the City of Danville and which generally is described as lying and being within and near the present city limits of Danville and between the Caldwell Manor—Owens Court area and the Shakertown Road—Third Street area, said improvements to be for park purposes including pleasure, exercise, amusement, ornamentation and recreation."

The right of the city to so use the fund was challenged and the Boyle Circuit Court was asked to declare the rights of the parties.

The case was submitted on the pleadings and stipulations and the court concluded as a matter of law that the devise created a trust, the city being trustee for the benefit of the populace. The court further concluded that the appropriations provided in Sections 1 and 2 of the quoted ordinance constituted an unauthorized diversion of trust funds. A judgment was entered in conformity with the court's conclusions of law, holding specifically that the city could not use the rentals for the purposes stated in the ordinance or "in any other manner except for the construction and maintenance of the Malcolm G. Weisiger Memorial Park at the North East corner of Main and Fourth Streets in Danville, Kentucky."

The city appeals from the judgment.

The devise unquestionably creates a charitable trust. It is insisted by appellant

that, since the city cannot have possession of the property, it is impossible to carry out the particular purpose of the trust and that a general charitable intention is so expressed by the testatrix as to warrant the proposed use of the funds under the cy pres doctrine.

We do not agree. A mere delay does not render performance impossible. The city can take possession on August 1, 1960, and carry out the expressed particular purpose of the trust. Doubtlessly it will be in better position to do so then than now because of the accumulated rentals. Further, we are unable to agree that the words of the will express a general charitable intention.

The testatrix forbids the sale of the property. She provides that it be a memorial to her brother with a monument erected thereon, and she provides a perpetual fund to be applied to the maintenance of the property. These expressed limitations of the testatrix unequivocally declare the antithesis of a general charitable intention, and we must rely upon her declaration in making a determination of her purposes. We therefore conclude that no general charitable intent is expressed by her in the foregoing provisions of her will. The cy pres doctrine is not applied unless the particular specified purpose is incapable of performance and not then in the absence of a general charitable intent. Hampton v. O'Rear, 309 Ky. 1, 215 S.W.2d 539; Dunn v. Ellis, Ky., 245 S.W.2d 945.

The facts in this record do not bring this case within the rule. The property is subject to a limited use and the income therefrom is likewise subject to the same limitations. The city having accepted the property is subject to the limitations placed on its use. White v. City of Richmond, Ky., 268 S.W.2d 656.

Upon careful examination of the record it appears that the conclusions reached by the chancellor are correct. The judgment is therefore affirmed.