Sloan, Administrator, Respondent, vs. Duffy and others, Appellants.

*March 24—April 17, 1903.*

*Administrators: Final account: Appeal: Amendment: Compensation for extraordinary services: Discretion.*

1. Upon appeal from a partial disallowance by the county court of an administrator's account the circuit court, under sec. 4034, Stats. 1898, may permit amendments within the scope of the account presented to the county court; but it would be an abuse of discretion to allow entirely new items to be presented by amendment.

2. Legal services, and all other services involving special skill or learning, are "extraordinary services" for which such compensation as the court may judge reasonable may be allowed to an administrator, under sec. 3929, Stats. 1898.

3. In allowing compensation for extraordinary services of an executor or administrator, under sec. 3929, Stats. 1898, the claim therefor should be carefully scrutinized and all matters ex-

cluded therefrom which are not clearly within the scope of the statute.

4. The matters for which extra compensation is claimed under sec. 3929, Stats, 1898, should ordinarily be required to be presented in such definite form that the questions involved can be passed upon in detail.

5. An allowance of $300 to an administrator for extraordinary services, including all the legal services of settling the estate, is *held* in this case not to have been an abuse of discretion, although the claim therefor was presented in a somewhat general and indefinite form.

APPEAL from a judgment of the circuit court for Dodge county: JAMES J. DICK, Circuit Judge. *Modified and affirmed.*

Action tried in circuit court on appeal from a partial disallowance of an administrator's account. The controversy, in the main, was over a claim by the administrator for $300. It was claimed in the account filed in the county court that the claim was inserted therein by suggestion of the county judge as compensation for extraordinary services actually rendered pursuant to an agreement made by him with persons interested in the estate, upon whose request he consented to take the position of administrator, such agreement being to the effect that he should be allowed pay for his services, having regard to his being an attorney at law and his special fitness for the trust. The character of the extra services was given in substance as follows: Time spent in and about leasing and cropping of land and adjusting differences respecting division fences; time and expense in corresponding with the heirs and others interested in the estate; time spent for seventeen whole days and several parts of days doing necessary legal and other work outside the ordinary duties of administering the estate; and generally performing the work of an attorney in respect to the trust.

Upon the matter coming on to be heard in circuit court, the administrator, against objection, was permitted to amend his account as to matters presented to the county court and

covered by the appeal. By the amended account the specifications as to the $300 charge were changed, grounding the same specifically on sec. 3929, Stats. 1898, permitting the allowance of compensation to administrators for extraordinary services and also on contract with the heirs. The nature of the work charged for, and how such work came to be performed by the administrator, were indicated substantially as follows: The administrator accepted his appointment upon assurances made to him by the persons contesting his account, that he should be allowed adequate compensation for his services, having regard to the fact that he was an attorney and could not afford to spend his time for the allowance ordinarily accorded to administrators. His time was occupied on some five days renting land, attending to caring for crops and marketing the same, and adjusting differences respecting fences; and on some fourteen days consulting with attorneys respecting pending and prospective litigation in which the estate and the heirs were interested, and in attending to the matter of the administration bonds, the making out of and particularly itemizing the administrator's account, and the examination of the special administrator's account; and in addition thereto doing all the work of an attorney for the estate during his term of office. The court allowed the $300 charge in finding of fact No. 6, and specially found in respect thereto in finding No. 7 that a bargain was made between the administrator and those contesting his account as claimed by him prior to his accepting the office of administrator; that he rendered services of a special and extraordinary character in the administration of the estate, in addition to performing the ordinary duties of his office, particularly that he performed the duties of an attorney for the estate and that all of such services, outside those pertaining to the duties of his office performed by him, were reasonably worth $300. The amount of credits claimed by the administrator in his original account passed upon by the county

judge, was $1,195.46. The amount allowed by the county judge for such credits was $841.28. The amount of credits claimed by the administrator in his amended account filed in the circuit court was $1,172.60. The amount allowed was $1,161.50. Exceptions were filed to preserve for review the questions treated in the opinion.

For the appellants there was a brief by *Duffy & McCrory,* attorneys for appellants *Duffy* and *Ryan,* and *D. E. Roberts,* attorney for appellant *Solon;* a separate brief by *J. E. Malone,* attorney for appellant *Murray;* and oral argument by *F. F. Duffy* and *W. H. McCrory.*

For the respondent there were briefs by *K. C. Lewis,* and oral argument by *Geo. W. Sloan.*

MARSHALL, J. It is contended by counsel for appellants that the trial court erred in allowing respondent to amend his account in the circuit court, bringing into the controversy matters not presented to the county court, since that tribunal had exclusive original jurisdiction in respect to the settlement of the administrator's account. Sec. 4034, Stats. 1898, governing the subject of trials in such cases, provides, in effect, that the same shall be according to the practice in cases originally commenced in the circuit court. That permits the exercise of some discretionary authority in granting leave to amend within the scope of the account presented to the county court; but since the theory of such an appeal is that only matters passed upon by the court of first instance are to be reviewed, it would be an abuse of discretion, at least, to allow an entirely new claim to be first presented to the appellate tribunal. Doubtless the learned trial judge so viewed the matter, since, when leave to amend was granted, it was expressly restricted to subjects upon which the county court had theretofore passed. However, it is claimed with reason that respondent disregarded such restriction and included in his amended account twenty-one items, aggregating $26, and that

against objection by appellants' counsel he was permitted to establish the same by evidence, and that the amount thereof was included in the judgment appealed from. It is claimed by respondent's counsel that all such matters were in some way presented to the county court and that the facts in that regard are disclosed by the record. We have carefully checked over and compared the various accounts and given respondent the benefit of all reasonable doubt in the matter, and yet it clearly appears that eight items, aggregating $10.75, were neither expressly nor by reasonable inference included in any matter heard in the county court. The other items complained of are in the account filed in such court in some form, or the subjects thereof are sufficiently referred to in the judgment of that court to fairly show that the same were there considered. It appears that when respondent came to offer evidence respecting such items, the objections by appellants' counsel were overruled without that consideration being given thereto which their importance demanded. Many of such objections should have been sustained, and the charges to which the evidence referred rejected. Such redress as under the practice of this court may properly be given appellants upon this appeal, for such prejudicial rulings, in view of the very small amount involved, must be accorded to them.

Complaint is made because the court allowed respondent $300 for extraordinary services. Such complaint appears to be aimed, in the main, at some particular reasons assigned in support of the account and some change in the grounds for the claim in the circuit court from those urged in the county court. We do not need to review all of the reasons assigned by the trial court for the finding in respondent's favor. There are some legitimate grounds therefor which the county court deemed sufficient in themselves. The mere change by amendment, made by respondent, in the particulars of the service and how the same came to be rendered or included originally in the account was within the legitimate field for amend-

ments.   The trial court found as a fact that respondent, at
the request of all the heirs who were active in looking after
the estate, took charge of considerable real estate and spent
considerable time in looking after the same, and that he per-
formed, generally, all the legal services of settling up the es-
tate, spending, in the whole, many days and parts of days in
that regard.   None of such services, under the circumstances
of this case, was within the ordinary duties of respondent's
office.   The performance of legal services was wholly out-
side thereof.   If respondent had employed an attorney, as
is usually done in such cases, and as the county court might
properly have authorized him to do, the charges incident
thereto, covering the period of respondent's administration,
would have amounted to quite a sum.   There is enough in the
evidence to warrant the belief that all the heirs who were ac-
tive in securing respondent's acceptance of the office of ad-
ministrator, including all the appellants with possibly one
exception, expected him to bring to the duties of such office
the accomplishments which specially fitted him for the trust
reposed in him and to accomplish the purposes of such trust
without employing assistants, and that he would be adequately
compensated therefor.   The court had ample authority to
allow respondent compensation for what he did, which was
not required of him by virtue of his office.   Sec. 3929, Stats.
1898.   That provides that for all extraordinary services, such
an allowance may be made as the court shall adjudge reason-
able.   Legal services are extraordinary services within the
meaning of such statute, and so are all other services involv-
ing special skill or learning.   2 Woerner, Am. Law of Adm'n,
§ 529.

So there was legitimate ground for allowing respondent
compensation over and above the statutory fees.   The amount
which could be justly allowed was a matter required to be de-
termined by the trial judge upon the evidence.   In the exer-
cise of his authority in that regard he possessed very broad

discretionary powers. Doubtless a careful administration thereof required respondent's claim to be carefully scrutinized and all matters excluded therefrom not clearly within the scope of the statute authorizing extra compensation. It required the statutory authority in that regard to be viewed with strictness in favor of the estate, and the rate of compensation for matters deemed to be legitimate subjects therefor to be restrained to what was clearly just to the *cestuis que trustent* from the standpoint of good business judgment.

That courts are none too careful in dealing with property placed by the law under their control we have ample evidence in the matters brought before us for review. But this court is powerless to raise the standard in that regard above that which will just escape condemnation as abuse of discretionary power, further than what can be accomplished by judicial advice and admonition. Beyond that the standard of care in protecting property rights under judicial control, in the administration of trusts, depends on the conceptions of duty by trial judges and the pains taken by them to make the same effective. Ordinarily, we should say, that not only ought pay for extra services in a case like this be restrained to what is legitimate as to subjects and reasonable as to rate, excluding all reasonable doubts from the standpoint of the trustee, but the matters for which compensation is claimed should be required to be presented in such form that the questions involved can be passed upon in detail, and adversely interested parties may be able to definitely understand for what their money is used. In this case respondent's claim was not so presented in all respects. It is quite general in its nature and was not made by evidence as definite as we would like to see such matters made before being made a basis for the use of trust funds to satisfy the same. However, we are unable to reach the conclusion that the trial court transcended the broad discretionary power possessed by it, either as to the manner in which the claim was presented or the amount allowed thereon.

What has been said covers all matters discussed in the briefs of counsel, calling, in our judgment, for special notice. Several suggestions are made respecting respondent's general conduct in administering his trust, bearing on his right to compensation for services. They were proper matters for consideration by the trial judge and were by him, doubtless, in his judgment, given due weight in making up the conclusion complained of. As we are unable to see that he acted unreasonably in reaching the final result, we cannot properly overrule his conclusion, regardless of whether, as an original proposition, we would have come to the same conclusion as that embodied in the judgment.

*By the Court.*—The judgment appealed from is modified by deducting therefrom $10.75, and affirmed as so modified. Appellants' costs in this court will be restricted to clerk's fees and $10 for printing.