## Slusher v. Weller.

### (Decided December 13, 1912.)

### Appeal from Bell Circuit Court.

1. Executors and Administrators—Fee of Administrator in Settling Claim Before Appointment—Infant Distributee.—The cause of action for the death of a person is vested in his administrator and an attorney's fee cannot be recovered for services in regard to a settlement before the appointment of an administrator, where the services were rendered to an infant who was one of the distributees.

2. Executors and Administrators—Attorneys' Fees.—An agreement by an attorney not to charge fees as administrator where the agreement was based on the idea that he was to be paid his fee as attorney, will not deprive him of his fees as administrator when he is allowed no attorney's fee, it being the purpose of the parties simply to provide against a double charge.

E. N. INGRAM and N. R. PATTERSON for appellant.

N. J. WELLER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

In August, 1907, Robert Pearce, a brakeman on the Louisville & Nashville Railroad was killed in a tunnel. He left surviving him his widow, Sally Pearce, who was then twenty years old and an infant child. Some propositions were made by the railroad company to settle the claim for his death and $2,000 was offered. In this condition of things, the widow, Sally Pearce, went with her uncle, Robert Goodin, to the office of N. J. Weller, an attorney at Pineville, to consult him. They proposed to have Robert Goodin qualify as administrator, and also consulted the attorney as to what amount they should take from the railroad company. He advised

them that they ought not to settle under any circumstances for less than $3,000 and said he thought that much more might be recovered. When they saw the county judge he refused to allow Goodin to qualify as administrator, but finally said that he would allow Weller to qualify. In this condition of things, it being important that some one should qualify at once, Weller finally agreed to qualify as administrator, telling Goodin and Mrs. Pearce that he would charge only $10 or $15 for making the bond. After he had qualified he gave them a letter to show the railroad company authorizing them to make a settlement with the railroad company, the money to be paid him. They then made a settlement with the railroad company for $3,000. The money was paid to Weller as administrator. When he came to settle his account, he charged and was allowed by the county court a fee of $300 for his advice and services, as attorney in the matter before he qualified as administrator. Sally Pearce, who is now Sally Slusher brought this suit to surcharge the settlement and on final hearing the circuit court dismissed her petition. She appeals.

It is true that both she and her child were infants, and that Robert Goodin was without authority to bind either of the infants the rule being that an infant is not bound by a contract made for him by another person purporting to act for him unless such person has been appointed his guardian or next friend or is authorized in some manner by law to act for him. (22 Cyc., 584.) An infant is bound for necessaries furnished him. The rule as to what are necessaries for an infant is thus stated in 22 Cyc., 593:

"Necessaries for an infant include support and maintenance, food, lodging and clothing, medicines and medical attendance furnished him when his health or physical condition require them, and an education suitable to his station in life. The professional services of an attorney may be a necessary for which an infant is bound, whether such attorney be employed to enforce or protect the civil or property rights of the infant, or to defend him in a criminal action or prosecution."

Many authorities are cited in the notes sustaining the text. It was necessary for the infants that an administrator be appointed for the decedent, but it was not necessary for them that they should be advised how to obtain a settlement with the railroad company or

what settlement they should make. The cause of action was in the administrator under the Constitution. In Hill v. Johnson, 15 R., 368, the husband and wife employed attorneys to sue the railroad company for the death of the wife's son, and agreed to pay them a fee equal to one-half of the recovery, the wife being the sole distributee. Afterward they had an administrator appointed who settled with the railroad company for $2,000. The attorneys then brought suit for their fee. It was held that neither the wife nor the husband nor the two together, had any cause of action as the right of action was in the personal representative by virtue of section 250 of the Constitution, and that there could be no recovery by the attorneys. We think the principle announced is sound. The right of action being vested by the Constitution in the personal representative, contracts should not be sustained made by the distributees; for to do this would beget confusion, and the personal representative would be unable to control matters as the Constitution contemplated he should. After Weller qualified, being the administrator he could not charge for services which he rendered as attorney for himself. This we have held in a number of cases.

But in view of all the evidence we do not think he should be left without any compensation as administrator. The agreement that he would only charge $10 or $15 for making the bond evidently contemplated $10 or $15 more than he was otherwise to receive; that is, the agreement was that he was not to charge commissions as administrator in addition to a lawyer's fee. But when he is allowed no fee as attorney he should be allowed a reasonable commission as administrator. They could not have expected that he should serve them for nothing under the circumstances. He appears from the evidence to have treated them perfectly fairly and to have acted with entire propriety. He qualified as administrator for their accommodation and at their request. It is clear from all the evidence that they went to him and employed him in the usual manner as their attorney. He had no communication with them before they came to his office, and had never seen Mrs. Pearce before. The proof in the record by a number of witnesses is to the effect that $300 is a reasonable charge for his services. The circuit court who knew the witnesses and the parties as well as the scale of fees ob-

taining in the locality, held the charge reasonable. He made no charge for services as administrator. The only allowance made to him was $300 for his services as attorney before he qualified as administrator. The statute limits an administrator's commission to 5 per cent, and under all the evidence we conclude that he should be allowed 5 per cent on $3,000, or $150, for his services as administrator. To the extent of $150 the settlement should be corrected.

Judgment reversed and cause remanded for a judgment as above indicated.