In the Matter of the Judicial Settlement of the Account of Proceedings of JOSEPH F. DALY and RICHARD DORNEY, Surviving Executors, etc., of AUGUSTIN DALY, Deceased.

The Executors of JOSEPH F. DALY, One of the Accounting Parties, Appellants; JAMES C. DUFF, as Executor, and Others, Respondents.

First Department, November 9, 1917.

Decedent's estate — executors and administrators — compensation of executor who renders legal services — amendment to section 2753, Code of Civil Procedure.

The amendment made to section 2753 of the Code of Civil Procedure by chapter 443 of the Laws of 1914, which requires the surrogate to allow to an executor who is an attorney and who has rendered legal services in connection with his executorial duties reasonable compensation for those services, is not retroactive, and an executor who has performed legal services is not entitled to compensation therefor if they were rendered before said amendment took effect.

First Department, November, 1917.          [Vol. 180.

APPEAL by the representatives of Joseph F. Daly from a decree of the Surrogate's Court of the county of New York settling the accounts of the executors of Augustin Daly, deceased.

*Edward H. Daly,* for the appellants.

*Cyrus V. Washburn,* for respondents James C. Duff, as executor, etc., and another.

*Theodore M. Tonnele,* for the respondents Harriet Russell and others, as administrators, etc., and another.

DAVIS, J.:

This is an appeal by the legal representatives of Joseph F. Daly, who died on August 6, 1916, from a decree of the surrogate entered on May 12, 1917, settling the accounts of the executors of Augustin Daly and allowing Joseph F. Daly $175 for legal services rendered by him to the estate between December 31, 1913, and July 1, 1915, and refusing him compensation for legal services rendered prior to December 31, 1913.

Joseph F. Daly was one of the executors of Augustin Daly, who died in 1899. In addition to his duties as executor, he rendered legal services to the estate from the date of the death of the testator to July 1, 1915. For these legal services he claimed compensation in this proceeding to have the executors' accounts judicially settled for the period from April 1, 1909, to July 1, 1915.

The claim is made under section 2753 of the Code of Civil Procedure, as amended by chapter 443 of the Laws of 1914, which amendment requires the surrogate to allow to an executor who is an attorney and who has rendered legal services in connection with his executorial duties, reasonable compensation for those services. This amendment went into effect September 1, 1914. The appellants contend that it is retroactive in effect, and that under it the surrogate has power to allow a reasonable compensation for legal services rendered by Judge Daly prior to the taking effect of the amendment, and that the claim is not barred by any of the previous settlements of the executors' accounts.

On the other hand, the respondents contend that the section as amended in this respect cannot have a retroactive effect, and that, therefore, the surrogate has no power to allow compensation for services rendered prior to September 1, 1914, and that, irrespective of the statute, the former decrees and settlements between the parties are a bar to the claim.

It is claimed by the appellants, who are the executors of Judge Daly, that they should be allowed $9,700 for his legal services from the date of the death of Augustin Daly to February 12, 1907 (the end of the period covered by the accounting of July 2, 1907), and $3,500 for services from February 12, 1907, to April 19, 1909 (the end of the period covered by the accounting of August 30, 1909), and $5,400 for services from April 1, 1909, to July 1, 1915 (the end of the period covered by the pending accounting), for which period a decree has been entered and from which decree this appeal is taken.

The claims of the appellants were referred to a referee who reported in their favor to the extent of allowing $4,350 for legal services rendered between April 19, 1909, and December 31, 1913, and $175 for services between December 31, 1913, and July 1, 1915, in all, $4,525.

The learned referee took the view that the amendment of 1914 to section 2753 of the Code of Civil Procedure is retroactive and that the semi-annual settlements of account filed since the entry of the decree of August 30, 1909, are not conclusive against the claim for compensation for legal services rendered since the accounting of August 30, 1909.

The surrogate took the view that these acts of the executors were performed under the decree and were not open to question in any subsequent accounting and that so far as the executors' compensation was concerned, it was final and was a bar to any claim for compensation for legal services during the period from April 19, 1909, to December 31, 1913.

The surrogate held that the amendment of 1914 was retroactive in its scope, but he refused to allow the compensation of $4,525 for legal services as recommended by the referee, on the ground that the previous settlements and decrees down to December 31, 1913, constituted a bar to the claim. The surrogate, however, approved an allowance

of $175 for such services rendered between December 31, 1913, and the present accounting.

In our opinion the amendment of 1914 has no retroactive application. There is nothing in the language of the amended section to indicate a legislative intent to make the statute otherwise than prospective in its effect. " It takes a clear expression of the legislative purpose to justify a retroactive application." (*Jacobus* v. *Colgate*, 217 N. Y. 235, 240.)

It was error, therefore, to allow the appellants anything for legal services rendered to the estate of Augustin Daly prior to September 1, 1914. It is not necessary to pass upon the effect of the previous settlements and decrees upon the claim of the appellants.

The decree should be modified by striking therefrom the allowance for legal services rendered prior to September 1, 1914, and as modified affirmed, with costs to the appellants.

Clarke, P. J., Scott, Smith and Shearn, JJ., concurred.

Decree modified as stated in opinion and as so modified affirmed, with costs to appellants. Order to be settled on notice.