In the Matter of the Judicial Settlement of the Account of EUGENE L. BUSHE and EDWARD P. DWYER, as Surviving Executors under the Last Will and Testament of FREDERICK T. ADAMS, Deceased.

HARRIET M. DWIGHT and THOMAS H. LOW, as Executors, etc., of ALPHEUS C. DWIGHT, Deceased, Appellants; EUGENE L. BUSHE and EDWARD P. DWYER, as Surviving Executors, etc., and ORLIFF T. HEATH, as Special Guardian, Respondents.

Third Department, July 1, 1918.

**Executors and administrators — right of estate of executor to commissions upon real property received and undisposed of at time of his death — chapter 596 of the Laws of 1916 allowing such commissions not retroactive.**

Chapter 596 of the Laws of 1916, amending section 2753 of the Code of Civil Procedure so as to include an allowance of commissions to executors upon real property *received* by them, is not retroactive, and hence does not vest in the estate of a deceased executor a right to commissions, to which he was not then entitled for services in receiving real property, which remained undisposed of at the time of his death.

APPEAL by Harriet M. Dwight and another, as executors, from a decree of the Surrogate's Court of the county of Greene, entered in the office of said Surrogate's Court on the 16th day of May, 1917, settling the accounts herein.

*Thomas H. Low* [*Leonard A. Warren* of counsel], for the appellants.

*Osborn, Bloodgood & Wilbur* [*Frank H. Osborn* of counsel], for the respondents Bushe and Dwyer, as surviving executors, etc.

*Orliff T. Heath*, special guardian for the infant parties, respondents.

LYON, J.:

The appellants contend that upon the settlement of the accounts of surviving executors the estate of a deceased coexecutor should have been allowed commissions for services in receiving real property which remained undisposed of at the time of his death.

In December, 1910, letters testamentary on the estate of

Frederick T. Adams, deceased, were duly issued out of the Surrogate's Court of Greene county to the three executors therein named, one of whom was the deceased executor, Alpheus C. Dwight, of whose estate the appellants are the executors. In July, 1913, a decree was entered in said Surrogate's Court judicially settling the accounts of said three executors as of December 31, 1912, and adjudging that after the payment of the commissions and allowances mentioned in said decree, the executors transfer to themselves as testamentary trustees all the principal estate then remaining in their hands, except unsold real estate and personal property of small value. The three executors executed the decree, and at the time of the death of Alpheus C. Dwight, August 5, 1914, had in their hands, as such executors, real estate of the estimated value of $175,000. Upon an accounting by the surviving executors had in May, 1917, upon which the appellants as the executors of the deceased coexecutor were cited and appeared, the Surrogate's Court made a decree holding that commissions as such could be allowed to only the two executors in office at the time of the accounting. The Surrogate's Court held, however, that the appellants were entitled to an allowance for services actually performed for the benefit of the estate by the deceased executor, not by way of commissions, but as payment for his services, and computed the value of such services upon the basis of one-half the commissions to which each of the surviving executors was entitled, the deceased executor having served approximately one-half as long as they. No complaint is made as to the action of the surrogate, other than his refusal to allow to the appellants commissions upon the value of the unsold real estate.

At the time of the death of the coexecutor, an executor's right to receive commissions was governed by the then section 2730 of the Code of Civil Procedure which gave no commissions to an executor for receiving real property. By chapter 443 of the Laws of 1914, in effect September first of that year, the provisions of the Code relating to Surrogates' Courts were revised and re-enacted and the right of executors to receive commissions was embodied in section 2753, which provided, " The value of any real or personal property dis-

tributed or delivered, shall be considered as money in making computation of commissions." In 1916 (Chap. 596) the section was amended to include allowance of commissions upon real property *received* by the executors. It will thus be seen that the question involved is whether the amendment of 1916 vested in the estate of the deceased executor a right to commissions to which he was not entitled at the time of his death.

There is nothing in the amendment indicating an intention upon the part of the Legislature to make it retroactive. It was said in *Jacobus* v. *Colgate* (217 N. Y. 235, 240): " It takes a clear expression of the legislative purpose to justify a retroactive application." It was held in *Matter of Daly* (180 App. Div. 307; affd., without opinion, 223 N. Y. 671), in construing the amendment of 1914 in relation to an allowance to an attorney for legal services rendered in connection with his executorial duties prior to the amendment taking effect, that such amendment was not retroactive, and that the executor was not entitled to compensation for such services.

The decree of the surrogate should be affirmed.

Decree unanimously affirmed, with costs.