[Civ. No. 36044. Second Dist., Div. Four. Oct. 29, 1970.]

Conservatorship of the Person and
Estate of EDMUND A. GRAY, SR.
LAWRENCE C. GRAY, as Temporary Conservator, etc.,
Petitioner and Respondent, v.
EDMUND A. GRAY, SR., a Conservatee, etc.,
Objector and Respondent;
WILLIAM E. FOX, as Conservator, etc.,
Petitioner and Appellant;
EDMUND A. GRAY, JR.,
Objector and Appellant.

**COUNSEL**

William E. Fox, in pro. per., for Petitioner and Appellant, Objector and Appellant and Objector and Respondent.

Newell & Chester and Robert M. Newell for Petitioner and Respondent.

**OPINION**

**FRAMPTON, J.***—

### Preliminary Statement

William E. Fox, as conservator, appeals from an order made September 18, 1969, denying him attorney's fees for services rendered for and on behalf of the conservatee, and Edmund A. Gray, Jr., appeals from an order made on September 29, 1969, awarding Lawrence C. Gray, temporary conservator's fees and costs and awarding attorneys' fees for services rendered the temporary conservator.

### Statement of Facts

On March 12, 1968, Lawrence C. Gray, a son of Edmund A. Gray, Sr., conservatee, filed a petition to have himself appointed conservator of the person of his father, and for the appointment of Security First National Bank as conservator of the estate of his father. Concurrently therewith he filed a petition seeking his appointment as temporary conservator of his father's estate.

The reasons given by Lawrence C. Gray for his appointment as temporary conservator, as set forth in his petition, are as follows:

"Edmund A. Gray, Sr., is 88 years of age. For a number of years, the ill health and physical condition of said Edmund A. Gray, Sr., has neces-

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

sitated his having nurses in attendance in his home 24 hours a day. This condition is continuing at the present time and will continue in the foreseeable future.

"For the past five years, your petitioner has handled all of said Edmund A. Gray, Sr.'s business and financial affairs. This has included collecting all rents due and making all payments on his behalf, including all of his personal expenses. This has also included your petitioner acting as the de facto trustee of the testamentary trust of Loretta Reis Gray, your petitioner's deceased mother mentioned above. It is important that this continuity of management be maintained until the court can pass on the appointment of a permanent conservator of the estate of said Edmund A. Gray, Sr."

On March 12, 1968, the court made its order, ex parte, appointing Lawrence C. Gray as temporary conservator, and directed that he give bond in the sum of $20,000. On the same day he qualified, and temporary letters were issued to him.

On March 15, 1968, an ex parte order was made revoking the appointment of Lawrence C. Gray as temporary conservator. The motion to vacate the order of appointment was made by Edmund A. Gray, Sr., acting through his counsel Mr. William E. Fox, one of the appellants herein. Due to the shortness of time between the making of the order appointing Lawrence C. Gray as temporary conservator and the revocation of such order, no assets of the conservatee were taken over and administered by the temporary conservator.

The temporary conservator incurred the following expenses:

| Date | Amount | Payee | Purpose |
| --- | --- | --- | --- |
| 3/11/68 | $ 33.50 | County Clerk | Filing petition for appointment of temporary conservator |
| 3/11/68 | $ 22.50 | County Clerk | Filing petition for appointment of Security First National Bank as conservator |
| 3/12/68 | $ 2.60 | County Clerk | Certified copies temporary letters |
| 3/20/68 | $100.00 | Beckham Agency | Premium on bond of temporary conservator |

| Date | Amount | Payee | Purpose |
|------|--------|-------|---------|
| 4/10/68 | $ 9.00 | Rifkin Attorney Service | Serving citation |
| 5/13/68 | $ 15.00 | Rifkin Attorney Service | Serving subpoenas (3) |

making a total of $182.60. The temporary conservator had also engaged the services of Newell & Chester, attorneys at law, to prepare and file the petition and the order of appointment.

On March 19, 1968, Edmund A. Gray, Sr., filed objections to the appointment of a conservator, setting forth many reasons why he did not want his son, Lawrence C. Gray, appointed as a conservator. Upon the hearing of the conservatorship proceedings, affidavits of two medical doctors were filed, each containing statements to the effect that Edmund A. Gray, Sr., was competent in all respects, was well able to manage his affairs, and that it was not necessary to appoint a conservator to protect him or his property.

Upon the hearing of the conservatorship proceedings, Edmund A. Gray, Sr., nominated appellant William E. Fox to act as conservator of his person and estate, stating that he was in ill health and did not wish to be burdened with all of his business affairs. Appellant Fox was appointed conservator of the person and estate on April 16, 1968, and letters were issued to him on the same date. Immediately thereafter he filed a petition for all the additional powers under section 1853 of the Probate Code, for an allowance to the conservatee, for permission to demand an accounting of Lawrence C. Gray, for permission to institute and maintain all actions necessary, and to employ himself as an attorney at law in connection therewith. Said petition was heard and granted on May 22, 1968. The order granting the petition authorized appellant Fox "to employ himself as an attorney at law and associate counsel if he deems it necessary, . . . and to pay the expense therefor from the conservatorship estate."

On April 11, 1969, appellant Fox filed his first current account and petition for allowance of fees. In this petition he sought an allowance of $15,000 for his services as conservator and as attorney for himself as conservator. The fees asked for were in one lump sum. Appellant did not ask for a specified sum as fees for his services as conservator and a separate specified sum for his services as attorney for the conservator. The conservatee died on April 21, 1969. On May 8, 1969, appellant Fox filed his final account and report, petition for allowance of fees and for his discharge as

conservator. The petition for allowance of fees disclosed that appellant Fox as attorney for the conservator had filed three lawsuits and had contested the trusteeship in the Loretta Reis Gray estate. The petition alleged that the three actions filed by the conservator were consolidated for trial and consumed four trial days. That in one case a judgment in the sum of $29,359.88 was rendered in favor of the plaintiff therein. The petition asked for an allowance of $5,000 to appellant Fox for his fees as conservator. The first current account and petition and the final account and petition were consolidated for hearing. As consolidated, the petitions sought a total allowance of $20,000 conservator fees which amount included the reasonable value of his services in handling legal matters relating to the estate of the conservatee as an attorney at law.[1] Objections to the petitions were filed by Lawrence C. Gray, limited to the fees requested by the conservator. At the hearing appellant Fox testified that he spent approximately 200 hours and five days in the preparation for trial and trial of the civil litigation relating to the conservatorship; "that the services as conservator and attorney is one and the same thing in this estate. Everything that I did was of a legal nature in connection with Mr. Gray's business. . . . I think that all of the hours that I have spent here have been of a legal nature." Appellant testified further that he had an understanding with the conservatee that he would be paid at the rate of $50 an hour for his legal services. The trial judge stated that in order for him to make proper findings he would have to know how much of the $20,000 fee appellant attributed to his services as conservator, and indicated that he believed that the rule as laid down in the *Estate of Parker,* 200 Cal. 132 [251 P. 907, 49 A.L.R. 1025], would preclude him from allowing any sum for the reasonable value of appellant's services of a legal nature while appellant acted as an attorney in matters relating to the conservatorship.

On May 18, 1969, after hearing, the court allowed $6,500 as and for conservator's fees and disallowed all fees for legal services. The appeal by the conservator is from that portion of the order disallowing attorney's fees for services rendered by the conservator to himself as conservator.

On May 20, 1969, Lawrence C. Gray, as temporary conservator, filed his first and final account and request for fees. He set forth the facts concerning his appointment hereinabove related, the revocation of his appointment,

---

[1]Section 1908, Probate Code provides in pertinent part that "Every conservator shall be allowed the amount of his reasonable expenses incurred in the execution of his trust, including . . . reasonable attorney's fees, and shall have such compensation for his services as the court in which his accounts are settled deems just and reasonable."

the incurring of costs and the employment of counsel to prepare and file the petition for appointment as temporary conservator.

The account relates, among other things, that "Your declarant, as temporary conservator of said estate, received and held no property of said Edmund A. Gray, Sr. Insofar as your declarant knows, all of the property of said Edmund A. Gray, Sr., has been held by William E. Fox, who was appointed conservator of the person and estate of Edmund A. Gray, Sr." Request is then made for reimbursement of costs, and an allowance of attorneys' fees in the sum of $500, and for an allowance of $500 for temporary conservator's fees. Objections were filed by Edmund A. Gray, Jr., one of the beneficiaries under the will of Edmund A. Gray, Sr., to the allowance of costs or fees to the temporary conservator, or to his attorneys. It was urged in the objections that whatever services were rendered were valueless, and that the court was without jurisdiction to allow costs or fees.

The order settling the account allowed the costs as hereinabove set forth, allowed $500 as temporary conservator's fees and $500 attorneys' fees. Edmund A. Gray, Jr., appeals from this order.

### Contentions on Appeal

Appellant Fox urges that the portion of the order of September 18, 1969, disallowing him attorney's fees while he was also acting as conservator is erroneous and must be reversed.

Appellant Edmund A. Gray, Jr., urges that (1) the order made on March 12, 1968, appointing Lawrence C. Gray as temporary conservator is void because good cause for such appointment pursuant to section 2201 of the Probate Code is not shown; (2) the court was without jurisdiction to pass on the account of the temporary conservator because the account was not presented within the time limits prescribed by section 2205 of the Probate Code;[2] (3) there is no evidence to support the order for temporary conservator's fees or for his attorneys' fees, and (4) the order appointing the temporary conservator, having been made ex parte, is in violation of the due process clause of the Fourteenth Amendment to the United States Constitution.

---

[2] Section 2205, Probate Code provides in pertinent part as follows: "If the temporary conservator is appointed conservator he may account for his administration as temporary conservator in his first regular account. In all other cases he must present his account to the court for settlement and allowance within 90 days from the appointment of a conservator or within such other time as the court or the judge may fix."

### Order Disallowing Attorney's Fees to Conservator

It is the general rule that if an executor, administrator, or testamentary trustee, being himself a practicing lawyer, elects to act as his own attorney in performance of the legal services incident to the administration of the estate, he will not be entitled to an allowance against the estate for his professional services, in the absence of some statutory provision entitling him thereto. The rule rests upon the proposition that no one who has a duty to perform shall place himself in a situation to have his interests conflicting with that duty. The rule is founded upon reasons of public policy. (*Estate of Parker,* 200 Cal. 132, 135-136 [251 P. 907, 49 A.L.R. 1025]; *Estate of Lair,* 70 Cal.App.2d 330, 336-337 [161 P.2d 288].) We have no quarrel with this salutary rule. We believe, however, that such rule should not apply here. In the case at bench, appellant Fox was authorized by order of the probate court to employ himself as attorney at law and to employ associate counsel if he deemed it necessary and to pay the expenses therefor from the conservatorship estate. There can be little doubt from the record that his services while acting as an attorney in conservatorship matters produced results beneficial to the estate of the conservatee. He was before the court asking for but one fee, which would include the reasonable value of his services while acting as an attorney in matters relating to his trust. He was not seeking a fee as conservator and for an additional fee while acting as attorney for the conservator. By authority of the probate court he was authorized to consolidate his duties as conservator and attorney for the conservator and to ask for reasonable compensation therefor from the estate of the conservatee. The findings of the trial court indicate that it denied appellant the reasonable value of that portion of his conservator's fees which related to his services as an attorney at law on behalf of the estate. We are of the opinion that under the facts of this case, appellant was entitled to receive, as part of his conservatorship fee, the reasonable value of his services as an attorney, and that it was error to deny him this compensation.

### Good Cause For Order Appointing Temporary Conservator

Section 2201 of the Probate Code authorizes the court to appoint a temporary conservator after the filing of a petition for the appointment of a conservator upon a verified petition establishing good cause therefor.

The term "good cause" is relative, and what constitutes good cause depends largely upon the circumstances of each case. The concept of good cause should not be enshrined in legal formalism; it calls for a factual exposition of a reasonable ground for the sought order. (*Waters* v. *Superior Court,* 58 Cal.2d 885, 893 [27 Cal.Rptr. 153, 377 P.2d 265]; *Cal.*

*Portland Cement Co.* v. *Cal. Unemp. Ins. Appeals Board,* 178 Cal.App.2d 263, 272 [3 Cal.Rptr. 37]; cf. Cal. Words and Phrases, Good Cause, p. 126, and cases cited.)

■  Here the verified petition related that petitioner for the past five years had handled all of the business and financial affairs of Edmund A. Gray, Sr., a man then 88 years of age and in ill health, and that it was important for this continuity of management to be maintained until the court could pass upon the question of the appointment of a permanent conservator. We cannot say that such reason was insufficient as a matter of law to support the ·order appointing a temporary conservator.

### *Jurisdiction to Pass Upon the Account of the Temporary Conservator*

■  Appellant Gray urges that because the temporary conservator did not file· his account within 90 days from the appointment of the conservator,[3] and his not having obtained an order of court to have his accounting fixed at some other time, the court was without jurisdiction to pass upon the account. This assertion is made without citation of authority to support it, and is without merit.

The fact that the court accepted the account and fixed a date for its hearing was a sufficient compliance with the provisions of section 2205 of the Probate Code.  ■  This section simply provides a means whereby the court may impose sanctions against a tardy or recalcitrant temporary conservator who wilfully refuses to present his account for settlement. There is nothing in the statute which suggests that the temporary conservator may deprive the court of jurisdiction to compel him to account for his conservatorship by the simple device of failing to file his account within the periods specified in the section. It would indeed be an anomalous situation in the law if a trustee acting under appointment by the court could, by his dilatory tactics or wrongful conduct relating to his duties, deprive the court of jurisdiction to compel him to account for his activities relating to the trust.

### *Evidence to Support Allowance of Fees*

Appellant Gray urges that there was no evidence before the court upon which the order awarding fees to the temporary conservator or his attorneys is predicated.

---

[3]The conservator was appointed April 16, 1968. Letters were issued April 18, 1968. The temporary conservator filed his account May 20, 1969. Hearing was set thereon for June 3, 1969, and was postponed to July 30, 1969. Objections to account were filed June 13, 1969. Hearing on account and objections thereto held on July 30, 1969. Order settling account made and filed September 29, 1969.

■ The record discloses without conflict that the temporary conservator received and held no property of the conservatee. In these circumstances, the temporary conservator rendered no services to the estate as temporary conservator. Therefore, that portion of the order of September 29, 1969, awarding the temporary conservator the sum of $500 for services rendered the estate must be vacated.

■ In *Estate of Moore*, 258 Cal.App.2d 458 [65 Cal.Rptr. 831], it was held that an unsuccessful petitioner who seeks guardianship of the person is entitled to recover his costs and reasonable attorney's fees incurred in his efforts to preserve the estate, where, upon the hearing, his petition was denied but a conservatorship resulted as a consequence of his having initiated the proceeding for a guardianship.

Here, the trial court had before it the entire file in the probate proceedings. The trial judge stated that he had examined the file in detail. It is reasonable to assume that the court examined the documents prepared and filed by respondent's attorneys in his behalf in his efforts to create a conservatorship and a temporary conservatorship. In appraising these documents and the efforts of counsel in preparing, filing and serving them, the court was in the position, without further evidence to determine the reasonable value of the attorneys' fees incurred in connection therewith. (*Scott, Blake & Wynne* v. *Summit Ridge Estates, Inc.*, 251 Cal.App.2d 347, 358 [59 Cal.Rptr. 587].) We cannot say as a matter of law that the allowance of $500 to respondent's attorneys for services rendered in the proceedings was unreasonable.

### Constitutionality of Section 2201, Probate Code

■ Appellant Gray urges that the order of March 12, 1968, is void because it was made without notice in violation of due process.

Section 2201 authorizes the court to appoint a temporary conservator with or without notice upon a verified petition establishing good cause, to serve pending final determination of the court upon the petition for the appointment of a conservator. The statutes governing the appointment of a conservator provide for notice and for a hearing. (Cf. Prob. Code, § 1754.)

In the case at bench the order appointing the temporary conservator was made without notice.

Appellant cites and relies upon *Grinbaum* v. *Superior Court*, 192 Cal. 528 [221 P. 635] (order appointing guardian of estate of alleged insane person made without notice to ward), *Matter of Lambert*, 134 Cal. 626 [66 P. 851] (attack upon commitment to state hospital for the insane upon grounds that the Insanity Law, the act of March 31, 1897 (Stats. 1897, p.

311) did not provide for notice and hearing, and commitment was made without notice or hearing), *In re Hruska,* 230 Iowa 668 [298 N.W. 664, 138 A.L.R. 1359] (order appointing successor guardian without notice to incompetent affirmed), *McKinstry* v. *Dewey,* 192 Iowa 753 [185 N.W. 565, 23 A.L.R. 587] (order appointing temporary guardian without notice or hearing held violated concept of due process of law) and *Evans* v. *Johnson,* 39 W. Va. 299 [19 S.E. 623] (holding that appointment of a committee for a person as insane without notice is void).

All of the foregoing authorities with the exception of *McKinstry* v. *Dewey* deal with orders appointing a permanent guardian, a successor guardian, or the commitment of a person as an insane person. They are of no assistance in solving the question here presented.

The appointment of a temporary conservator after the filing of the petition for the appointment of a conservator is in the nature of a provisional remedy granted before a hearing on the merits of the primary petition. Its sole object is to preserve the health and welfare of the alleged conservatee and to preserve his estate from loss or dissipation during the period of time between the appointment of the temporary conservator and the hearing on the primary petition for the appointment of a conservator. Many instances could arise where the alleged conservatee is about to lose his property through deceit imposed upon him by artful or designing persons. To wait for the service of a citation upon him and for a hearing on the petition for the appointment of a conservator to take over the estate and prevent such loss could thwart the very objects and purposes of the conservatorship law. Under these circumstances to first require the service of a citation on the alleged conservatee and the conduct of a hearing on the petition before the appointment of a temporary conservator would amount to a useless act if the estate of the conservatee was lost in the meantime.

We are of the opinion that the appointment of a temporary conservator pursuant to the provisions of section 2201 of the Probate Code, without notice, the effect of which is to temporarily protect the person and to protect and preserve the estate of the alleged conservatee pending a hearing on the petition for the appointment of a conservator, does not offend the concept of due process of law.

The order of September 18, 1969, settling the final account of the conservator and disallowing him fees for legal services is vacated and set aside with directions to the trial court to take into consideration and allow the conservator the reasonable value of his services as an attorney at law while acting on behalf of the estate as part of his overall fees as conservator. That

portion of the order of September 29, 1969, allowing the temporary conservator the sum of $500 for his services as temporary conservator is vacated and set aside. The order as so modified is affirmed. Each party to bear his costs on appeal.

Files, P. J., and Dunn, J., concurred.