## Ramey, et al. v. Ramey, et al.

(Decided May 25, 1916.)

### Appeal from Pike Circuit Court.

1. Limitation of Actions—Action for Recovery of Personal Property —Evidence.—In an action by plaintiffs to recover their part of the proceeds of lumber, alleged to have been jointly owned by them and the defendant who sold the lumber, evidence examined and held that the lumber had been sold and paid for more than five years before the bringing of the action and that their claim was barred by the statute of limitation.

2. Fraudulent Conveyances—Creditors—Evidence.—In an action by the creditors of a grantor to subject the estate of decedent to the payment of their debts on the ground that the conveyance to him was fraudulent, evidence considered and held that no fraud was shown.

3. Witnesses—Competency—Section 606, Subsection 2, Civil Code.— A party is not a competent witness for himself concerning a transaction had with a person who is dead at the time he testifies.

J. S. CLINE for appellants.

CHILDERS & CHILDERS for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Prior to the 10th day of August, 1900, Jasper Ramey and his sons, N. A. Ramey, S. H. Ramey and Lewis Ramey, owned a small tract of land in Pike county, which they sold for the sum of $500.00 and took a pair of mules as part payment. During the same year they purchased from Merida and Alvin Senters a tract of land estimated to contain from three hundred to five hundred acres for the sum of $1,500.00. No part of this sum was paid in cash, but the deferred payments extended to 1903. The deed to this land was executed to Emiline Ramey, wife of Jasper Ramey and mother of the boys. In the year 1905, Merida Senters conveyed the same tract of land to Lewis Ramey. This deed was put to record on July 9th, 1907. From the year 1900 to 1907 all the family lived on the land in question. During that time the timber was sold from the land. On October 28th, 1907, Lewis Ramey purchased the entire interest of S. H. Ramey and N. A. Ramey in the land. On April 7th, 1910, Emiline Ramey and Jasper Ramey conveyed the entire tract of land to Lewis Ramey for the recited consideration of $2,150.00. It appears that S. H. Ramey and N. A. Ramey each received in the neighborhood of $600.00 for his interest. Jasper and his wife received about $1,200.00 or $1,300.00 for their interest. In the month of June, 1910, Lewis Ramey died, leaving a will by which he devised all of his property to his wife, Virgie Ramey, and his infant child, Maxie Ramey. After his death another child was born.

After the death of Lewis, Jasper Ramey and others contested the will. The will was sustained. Jasper and his wife then brought suit to recover the land and attacked the deed which they had made to Lewis on the ground of mental incapacity. This suit they likewise lost.

On March 2nd, 1912, Jasper Ramey, S. H. Ramey and N. A. Ramey brought this suit to subject the land which Lewis had devised to his wife and children to an alleged claim for lumber, which it is alleged that Lewis sold from the land in controversy and failed to turn over to plaintiffs.

There was subsequently consolidated with this action certain suits which J. E. Ratliff, Henry Ratliff and E. Bingham had brought on judgments obtained against

Jasper Ramey to subject the land in controversy, on the ground that the conveyance from Merida Senters and husband to Emiline Ramey and the conveyance from Jasper and Emiline Ramey to Lewis Ramey were made for the purpose of defrauding Jasper Ramey's creditors. On final hearing the chancellor adjudged that N. A. Ramey and S. H. Ramey were each entitled to recover of the estate of Lewis Ramey the sum of $400.00 with interest from March 12th, 1912 until paid, as their share of the proceeds of the timber which Lewis Ramey sold from the land in question and failed to turn over to them, subject to certain credits which are not material to this controversy. To secure these sums N. A. and S. H. Ramey were adjudged a lien on the land in controversy. Jasper Ramey was denied a recovery. The chancellor further held that Lewis Ramey agreed to pay all the debts of Jasper Ramey as a part of the consideration for conveyance of the land, and adjudged J. E. Ratliff, Henry Ratliff and E. Bingham a lien on the land to secure their debts against Jasper Ramey. From this judgment the widow and infant children of Lewis Ramey appeal.

We have carefully gone over all the evidence bearing on the question when the timber from the land in controversy was sold, and are clearly of the opinion that the lumber was disposed of and paid for prior to the beginning of the year 1907. As the Rameys did not bring this suit to recover their alleged part of the proceeds of the lumber until March 2nd, 1912, or more than five years after the lumber was sold and paid for, we conclude that their claim is barred by the statute of limitation. Indeed the facts of this case make it one where the statute of limitation is peculiarly applicable. Instead of bringing suit on their alleged claim during the lifetime of Lewis Ramey, his father and brothers waited until two years after his death. Then, when Lewis is no longer able to speak or explain how the proceeds of the timber were applied, they seek, by incompetent evidence, to subject his land to the payment of alleged debts, which it is not improbable have long since been satisfied.

Respecting the claims of J. E. Ratliff, Henry Ratliff and E. Bingham, it may be said that there is absolutely no evidence in the record which tends to substantiate their claim that either the original conveyance from

Merida Senters and husband to Emiline Ramey, or the conveyance from Jasper and Emiline Ramey to Lewis Ramey, was made for the purpose of defrauding Jasper's creditors. Indeed the chancellor based their right to recover on the fact that Lewis Ramey, as a part consideration for the land conveyed to him, agreed to pay Jasper Ramey's debts. The only substantial evidence of this fact is the testimony of Jasper and the claimants themselves. Upon this question they were not competent witnesses, for they were testifying for themselves concerning a transaction had with Lewis Ramey, who was then deceased. Section 606, subsection 2, Civil Code. We, therefore, conclude that the claimants failed to show any valid claim against the estate of Lewis Ramey.

Judgment reversed and cause remanded for proceedings consistent with this opinion.