## Vanover et al. v. Cline.

(Decided May 29, 1931.)

336

ROSCOE VANOVER, JR., and STRATTON & STEPHENSON for appellants.

A. F. CHILDERS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming on the cross-appeal and reversing on original appeal.

Maxine Vanover (nee Ramey) and Kelsey Ramey have appealed from a judgment awarding to appellee, J. S. Cline, judgments against them for $500 each.

In June, 1910, L. E. Ramey died, and on July 18, 1910, his will was probated. He devised his property to Virgie Ramey and Maxine Ramey; the former being his wife and the latter, his daughter. On January 28, 1911, Virgie Ramey bore him a posthumous child, Kelsey Ramey. Thus Kelsey Ramey was one of the heirs of the testator. See section 1399, Ky. Stats. She was pretermitted, hence was entitled to that share of her father's estate which she would have taken had her father died intestate (in this case, to one-half of it, subject to her mother's claim of homestead or dower). See section 4848, Ky. Stats. These parties have treated this estate as belonging one-third to L. E. Ramey's widow Virgie Ramey, now Virgie Compton, one-third to his daughter Maxine Ramey, now Maxine Vanover, and one-third to his daughter Kelsey Ramey. No one is complaining of that arrangement, so we shall not disturb it.

After the death of L. E. Ramey, his estate was involved in considerable litigation. There was a will contest in which this widow and children were represented by Butler & Moore and J. S. Cline. The same attorneys represented them in a suit begun against them by Emaline Ramey et al., and J. S. Cline represented them in a suit against them by N. A. Ramey et al. This last suit reached this court. See Ramey et al. v. Ramey et al., 170 Ky. 390, 186 S. W. 160. Not only did Mr. Cline represent them as an attorney, but he became surety

upon a supersedeas bond by which the sale of their property was prevented. As a result of the efforts of these attorneys, this widow and these children were successful and there was saved, for them, 500 acres of mountain land, worth about $2,000. At the close of this litigation the widow was very grateful for these services but had no money to pay therefor. So on July 12, 1916, Cline prepared a deed from Virgie Compton (then yet a minor) and her husband John Compton and these two children, by which they undertook to convey to Cline a one-fourth interest in this land for his services and to Cline as trustee for Butler & Moore a one-fourth interest for their services. Mrs. Virgie Ramey Compton and her husband signed and acknowledged this deed on behalf of themselves, and Mrs. Compton signed and acknowledged it on behalf of her children, and on July 15, 1916, the Pike county clerk recorded it in Deed Book 75 at page 638. The oldest child Maxine Ramey married Robert Vanover, and on August 2, 1928, she and her husband began a suit against S. A. Mullins and Malcom Mullins, Mrs. Virgie Compton, John Compton, and Kelsey Ramey, in which they sought to eject the two Mullinses from the premises and to obtain a partition of the land. On February 10, 1930, they filed an amended petiton making more specific their charges against the Mullinses, and making J. S. Cline a party. Cline answered, and after amending his answer twice he had set up the services he and Butler & Moore had rendered, the necessity therefor, had claimed these services were worth $3,000, had set up the deed made him and cited above, had set up his acquisition of the interests of Butler & Moore, and had asked a judgment against Mrs. Compton, Mrs. Vanover, and Kelsey Ramey for $3,000, if the deed aforesaid be adjudged invalid. Cline further alleged this land had been partitioned, his specific part had been allotted to him, and he set out in detail a description thereof.

Maxine Vanover and Kelsey Ramey by reply traversed the answer of Cline and pleaded that when the deed of July 12, 1916, was executed they were infants, aged seven and five years, respectively, on account of which they alleged it was not binding on them, they pleaded this claim for attorneys' fees was barred by the statute of limitations, the services having been rendered more than 12 years before claim therefor was asserted in this action, and they denied having made or agreed with Cline upon a partition of this land, etc.

The case when prepared was submitted, and on September 27, 1930, the court rendered a judgment in which it was held the deed of July 12, 1916, was not binding upon Maxine Vanover and Kelsey Ramey, but was binding on Virgie Compton. The court adjudged the Mullinses to have no valid claim to the property and directed this land partitioned and allotted thus:

To J. S. Cline, one-sixth.
To Virgie Compton, one-sixth.
To Maxine Vanover, one-third.
To Kelsey Ramey, one-third.

The court gave J. S. Cline a judgment against Maxine Vanover for $500 and a judgment against Kelsey Ramey for $500.

The Mullinses excepted to this judgment and have prosecuted an appeal on this record, which we shall dispose of in a separate opinion. Maxine Vanover and Kelsey Ramey each excepted to the judgments against them, they superseded them, and have appealed.

J. S. Cline excepted to so much of the judgment as failed to award to him the specific land claimed under the partition alleged to have been made in August, 1928, also to the failure of the court to adjudge him a lien on the land awarded Maxine Vanover to secure the $500 adjudged him against her and the failure to adjudge him a lien on Kelsey Ramey's land for the $500 he recovered against her, and he has prosecuted a cross-appeal. Virgie Compton is not a party to this appeal.

On January 9, 1931, J. S. Cline made a motion to dismiss this appeal because prosecuted by Maxine Vanover and Kelsey Ramey jointly, whereas his judgments against them were separate and distinct judgments against these parties, there being no liability on the part of Maxine Vanover to pay any part of the judgment recovered by him against Kelsey Ramey, and vice versa, thus neither of these appellants would in any manner be affected by any disposition this court might make of the judgment against the other, and that motion has been passed to the merits.

Cline has conceded one of these parties is entitled to prosecute an appeal on this record, and on January 9, 1931, he filed a motion in this court to require them to elect which one shall be allowed to go on with this appeal and that the appeal as to the other shall be dismissed and that motion has also been passed to the merits. Cline

has moved to strike, from the transcript, copies of two executions, the levies thereof, and appraisements, etc., connected therewith, because all of these are matters that occurred subsequent to the rendition of the judgment appealed from, and this motion has been passed to the merits.

In Allen County v. U. S. F. & G. Co., 122 Ky. 825, 93 S. W. 44, 46, 29 Ky. Law Rep. 356, we said:

"We are of opinion that, in cases where the judgment authorizes an appeal to this court by each party to the litigation, each party may pray an appeal from the judgment against him in the lower court, and they may prosecute the appeal upon the same record if they desire to do so, or each party may bring up his own record."

Thus if we were to sustain the motion to elect and should dismiss this appeal as to one of these parties, that party could at any time prior to September 27, 1932, prosecute an appeal on this same record.

As stated above, J. S. Cline was not satisfied with this judgment, and upon his motion filed January 29, 1931, he has been granted a cross-appeal, upon the consideration of which the rights of both Maxine Vanover and Kelsey Ramey will be involved and each will be affected by any disposition of that cross-appeal. By so doing Cline waived his motion to dismiss and his motion to elect. Therefore Cline's motion to strike the part of the transcript stated is sustained and that is stricken, and Cline's other motions are overruled, and we shall now take up and dispose of the questions raised on this appeal.

## THE ALLEGED PARTITION.

Cline contends he and Maxine Vanover, Kelsey Ramey, and Virgie Compton agreed upon a partition of this land on or about August 1, 1928. Kelsey Ramey and Maxine Vanover deny this, but certain partition deeds in this record partially signed but not delivered make it look much like they did partially agree, but even though such deeds had been fully signed and delivered they would not bind Mrs. Vanover and Kelsey Ramey, as they were minors at the time, so we hold there was no partition.

## The Attorneys' Fees.

Cline contends an infant is bound by his contracts for necessities. Conceding that for the sake of argument, then comes the question: "Is the service of an attorney a necessity?" This is by no means a settled question. See 31 C. J. 1079, sec. 178, and 14 R. C. L. p. 257, sec. 35. Cline contends this question is settled in this state and cites Slusher v. Weller, 151 Ky. 203, 151 S. W. 684. Surely that case can afford him but little comfort. Weller was both attorney and administrator in that case. He was allowed $300 for his services as attorney before his appointment as administrator. We reversed that judgment and directed that he be given an allowance of $150 for his services as administrator. There is no doubt but that Butler & Moore and J. S. Cline did render valuable services to these people, but it is admitted all of these services were rendered more than twelve years before the claim for them was asserted in this action, and the plea of limitations interposed by Maxine Vanover and Kelsey Ramey will have to be, and it is, sustained.

## The Lien for Attorneys' Fees.

Cline asked for a lien on the lands of these infants to secure his fees, but since we have found his claim is barred by limitations the lien must go with it.

Timely action under section 489 of the Statutes by Cline and Mrs. Compton might have availed him something, but it is too late now for him to recover against Mrs. Vanover and Kelsey Ramey.

The judgment is affirmed on the cross-appeal, and reversed on the original appeal so far as the $500 judgments against Mrs. Vanover and Kelsey Ramey are concerned, with directions to dismiss Cline's cross-petition as to them; and proceed with the partition.